# DECISIONS

OF THE

# Kentucky Court of Appeals.

## JANUARY TERM, 1898.

CASE 1—ACTION FOR PERSONAL INJURIES—MARCH. 18

## Belle of Nelson Distilling Co. v. Riggs.

APPEAL FROM NELSON CIRCUIT COURT.

1. ACTION FOR DAMAGES FOR PERSONAL INJURIES—MISCONDUCT OF ATTORNEY—PREJUDICIAL ERROR.—In an action for damages sustained by the fall of a defective elevator, references in the opening and closing addresses of counsel to accident insurance held by the employer on the life of the plaintiff, while improper, were not prejudicial, because all evidence on that subject was excluded by the court.

2. SAME—EVIDENCE.—In such an action it was not error to admit evidence showing how the machinery might have been remedied.

3. SAME.—Evidence of what some one else had said in reference to the dangerous condition of the elevator, while not competent, can not be held prejudicial in view of the fact that the defective condition of the machinery was overwhelmingly established.

4. SAME—REQUIRING PLAINTIFF TO SUBMIT TO PHYSICAL EXAMINATION.—It is within the sound discretion of the trial court to require plaintiff in an action for personal injuries to submit to a physical examination, and such an examination should be required where it fairly appears that the ends of justice require it, and that knowledge of necessary and material facts can only be brought to light by such examination. Refusal to

require such an examination in this case, however, was not an abuse of discretion.

BARNETT, MILLER & BARNETT FOR APPELLANT. (PIRTLE & TRABUE, OF COUNSEL.)

1. Both the opening and closing statements of counsel for appellee, which were objected to at the time, were gross misconduct, and defendant's motion to discharge the jury should have been sustained. Weeks on Attorneys, sec. 114; Am. & Eng. Enc. of Law, vol. 16, p. 524; Enc. of Pleading and Practice, vol. 2, p. 751; Brown v. Swineford, 44 Wis., 282; s. c. 28 Am. Rep., 587; Dickerson v. Burk, 25 Ga., 227; Insurance Co. v. Cheever, 36 Ohio St., 210; Tucker v. Henniker, 41 N. H., 317; Rolfe v. Rumford, 66 Me., 564; Berry v. State, 10 Ga., 511; Koelges v. Guardian L. Ins. Co., 57 N. Y., 638; State v. Smith, 75 N. C., 306; Coble v. Coble, 75 N. C., 589; 28 Am. Rep., 338; Hennies v. Vogel, 66 Ill., 401; L. R. & F. S. R. Co. v. Cavanesse, 48 Ark., 106.

2. The trial court erred in permitting the plaintiff to prove, indirectly, but successfully, that defendant had an accident policy upon the plaintiff. Winlock v. Hardy, 4 Litt., 273; Rice v. Lowan, 2 Bibb, 150. It has been universally held that the defendant in damage cases will not be allowed to show that a decedent has his life insured. The converse of that proposition is equally true, and for the same reason, to-wit: It is a matter not at issue, and tends to mislead and prejudice the jury. B. & O. R. R. Co. v. Wightman, 20 Gratt., 431; Althorpe v. Wolfe, 22 N. Y., 355; Ferry's Admr. v. Jewett, Rec., 78 N. Y., 338; Kellogg v. N. Y., &c., R. R., 79 N. Y., 72; N. P. R. Co. v. Kirk, 90 Pa. St., 15; P. & C. R. R. Co. v. Thompson, 56 Ill., 138.

3. The Circuit Court erred in permitting the plaintiff to prove, over defendant's objection, that the elevator was mended after the accident. Standard Oil Co. v. Tierney, 92 Ky., 378; Terre Haute R. R. Co. v. Clem, 123 Ind.. 15; Moss v. R. R. Co., 30 Minn., 465; Lang v. Sanger, 76 Wis., 71; Nally v. Hartford Carpet Co., 51 Conn., 534; 50 Am. Rep., 47; Paine v. Boston & Troy R. R. Co., 9 Hun., 527; Ely v. St. L. & K. R. R. Co., 88 Mo., 34; Reed v. N. Y. Cent. R. R. Co., 45 N. Y., 574; Texas Trunk R. R. Co. v. Ayres, 83 Texas, 268; Slottowe v. R. R. Co., 22 Ore., 430; Sappenfield v. Main St. Ry. Co., 91 Cal., 61; Columbia Ry. Co. v. Hawthorn, 144 U. S., 202; Isaacs v. Sou. Pac. Ry. Co., 49 Fed. Rep., 797.

Belle of Nelson Distilling Co. v. Riggs.

4. The trial court erred in permitting plaintiff to prove a conversation between his witness, O'Bryan, and the contractor, Panke, who was an independent contractor, in which Panke said that some one would get killed on the elevator, which Panke was then using for himself and not for the defendant.

5. The Circuit Court erred in overruling defendant's motion made November 7, 1894, and renewed three times thereafter on November 8, 1894, upon affidavits filed showing the necessity to require the plaintiff, who had testified as to his injuries, to permit himself to be examined by physicians to be selected by the court, as to the extent of his injuries and his physical condition. Thompson on Trials, sec. 859; Schroeder v. C., R. I. & P. R. Co., 47 Iowa, 375; White v. Milwaukee & C. R. R. Co., 61 Wis., 536; 50 Am. Rep., 154; McGuff v. State, 80 Ala., 147; Ala. G. S. R. R. Co. v. Hill, 90 Ala., 71; Sibley v. Smith, 46 Ark., 295; St. L. & S. W. Ry. v. Dobbins, 60 Ark., 481; 30 S. W. R., 887; Joliet St. R. R. Co. v. Call, 143 Ill., 177; Chicago & E. R. v. Holland, 122 Ill., 461; Atchison, &c., R. R. Co. v. Thul, 29 Kan., 466; 10 A. & E. R. R. Cas., 783; Graves v. City of Battle Creek, 95 Mich., 266; 35 Am. St. Rep., 561; R. & D. R. R. Co. v. Childress, 82 Ga., 719; Shepard v. Mo. & Pac. R. R. Co., 85 Mo., 629; 55 Am. Rep., 390; Sidekum v. W. St. L. & P. R. R. Co., 93 Mo., 400; Owens v. Kansas City, &c., R. R. Co., 95 Mo., 169; Haynes v. Town of Trenton, 123 Mo., 326; Sioux City & P. R. R. Co. v. Finlayson, 16 Neb., 578; 18 Am. & Eng. R. Cas., 68; Stuart v. Havens, 17 Neb., 221; Miami & T. Co. v. Bailey, 37 Ohio, 104; I. & G. U. R. R. Co. v. —, 64 Texas, 463; Hatfield v. St. Paul R. R., 33 Minn., 130; 18 A. & E. R. Cas., 292; Union Pac. R. R. Co. v. Bottsford, 141 U. S., 256; (criticised in 47 Am. & Eng. R. Cas., 441; 43 Cent. Law Jour., 442; 4 Am. R. R. & Corp. Rep., by Lewis, p. 654).

6. Instruction "Y" offered by defendant, giving the law as between fellow servants, should have been given. Instruction 9 as given, is not only misleading and confusing, but by inserting therein the clause providing that the fellow servant law was not applicable if the injury was caused "by reason of defective machinery," the case was tried without any instruction whatever upon that important question.

7. The plaintiff having received no permanent injuries, the verdict for $4,250 is excessive. L. & P. R. R. Co. v. Smith, 2 Duv., 556; L. & N. R. R. Co. v. Sickings, 5 Bush, 1; L. & N. R. R. Co. v.

Belle of Nelson Distilling Co. v. Riggs.

Fox, 11 Bush, 495; Street Ry. Co. v. Ware, 84 Ky., 267; L. & N. R. R. Co. v. Wilsey, 9 Ky. Law Rep., 1008; Standard Oil Co. v. Tierney, 92 Ky., 368.

8. As the plaintiff admitted that he knew or thought the elevator was dangerous, his getting upon it while loaded was contributory negligence upon his part, and the motion for a peremptory instruction to find for the defendant should have been sustained. Plaintiff having been expressly directed not to get upon the elevator, and having violated the order, he can not recover. Buswell on Personal Injuries, sec. 153; Beach on Contributory Negligence, secs. 360, 373; Alexander v. L. & N. R. R. Co., 83 Ky., 589; Belt Elec. Line Co. v. Allen, 44 S. W. R., 90.

JOHN S. KELLEY FOR APPELLEE.

1. It was not error in the trial court to assume jurisdiction to try the case a second time after the first verdict had been set aside and an appeal entered from the order setting it aside. Miller v. Ashcraft, 98 Ky., 314.

2. Misconduct of counsel did not constitute an error in the trial court for which this court should reverse. Kisten v. Hildebrand, 9 B. M., 72.

3. The court did not err in the admission of evidence of the physical condition of the plaintiff or the defective condition of the elevator machinery.

4. It was not error in the trial court to refuse to require the plaintiff to submit to a physical examination to ascertain the extent of his injuries. Hess v. Lowery, 7 L. R. A., 90; Stewart v. Havens, 17 Neb., 211; Miami & M. Turnpike Co. v. Bailey, 37 Ohio St., 104; McQuigan v. D. L. & W. R. R. Co., 14 L. R. A., 466; Sioux City & P. R. R. Co. v. Finlayson, 16 Neb., 578; 49 Am. Rep., 724; Lloyd v. Hannibal & I. R. R. Co., 53 Mo., 515; Lyon v. Manhattan R. R. Co., 142 N. Y., 298; 25 L. R. A., 406; Union Pac. R. R. Co. v. Botsford, 141 U. S., 250; Gulf C. & R. F. Ry. Co. v. Nelson, 24 S. W. R., 590 (Texas).

5. Upon the instructions. Mitchell v. Marker, 25 L. R. A., 33; Goodsell v. Taylor, 41 Minn., 207; Wise v. Ackerman, 76 Md., 388; Bartley v. Trorlich, 49 Mo. App., 231; Northern P. Ry. Co. v. Herbert, 116 U. S., 642; Union Pac. R. R. Co. v. Snyder, 152 U. S., 684; Hough v. Tex. & Pac. R. R. Co., 100 U. S., 213; Ohio Valley R. R. Co. v. McKinley, 16 Ky. Law Rep., 445; L. & N. R.

Belle of Nelson Distilling Co. v. Riggs.

R. Co. v. Hinder, 16 Ky. Law Rep., 841; Railroad Co. v. Foley, 94 Ky., 220; 15 Ky. Law Rep., 17; Bogenschutz v. Smith, 84 Ky., 330; Quaid v. Cornwall & Bro., 13 Bush, 604; L. & N. R. R. Co. v. Collins, 2 Duv. 114; L. & N. R. R. Co. v. Robinson, 4 Bush, 507; L. & N. R. R. Co. v. Filbern's Admx., 6 Bush, 574; L. & N. R. R. Co. v. Brooks' Admr., 83 Ky., 129; L. & N. R. R. Co. v. Moore, 83 Ky., 675; L. & N. R. R. Co. v. Hinder, *supra;* Sedgwick on Measure of Damages, p. 35; Parker v. Jenkins, 3 Bush, 587; Lou., Cin. & Lex. R. R. Co. v. Case's Admr., 9 Bush, 728; L. & N. R. R. Co. v. Fox, 11 Bush, 495.

BARNETT, MILLER & BARNETT FOR APPELLANT IN A PETITION FOR A REHEARING.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

While working as a day laborer for the appellant distilling company, the appellee was injured by the falling of an elevator loaded with barrels of whisky which he was engaged in ricking. On the first trial of his suit for damages a verdict was rendered in his favor for the sum of $4,000. The trial court ordered a new trial, because it is said of the admission of incompetent evidence; and on a second trial a verdict for the sum of $4,250 resulted, from the judgment on which this appeal is prosecuted by the company. The proof conduces to show that the appellee is almost a helpless cripple, as a result of his fall, and it is fairly established that the defective construction and condition of the elevator are responsible therefor,—a construction and condition either known to the company's agents or easily ascertainable by such inspection and care as the law imposes on the master when furnishing machinery for the use of the servants.

The first error complained of is that, in the opening and closing statement, counsel for appellee made reference to an accident insurance policy supposed to have been held by the company on the life, etc., of its employes, including appellee. But, in view of the fact the statements

themselves were indefinite, and the references in the proof to such policies were distinctly pronounced by the court as incompetent and not germane to the issues on trial, we are satisfied the court ought not, at request of counsel for appellant, to have discharged the jury by reason of such allusions. No intelligent juror could have been deceived or misled by such statement. In this connection, the objection to such testimony, allowed to get before the jury with respect to such a policy, may be disposed of. It became a matter of inquiry as to whether or not the agents of the company had informed its president or managing officers of the accident to appellee, and, in attempting to show that such knowledge had come to them, the appellee introduced a physician, who had made a detailed written statement of appellee's condition, and it appeared that this statement was made because of the existence of a policy of insurance held by the company. It was a mere incident of the examination of the witness, and, while counsel for appellee persisted in an attempt to get this incompetent proof in, the court, as we have already seen, announced several times that proof as to any accident policy was not pertinent to the case.

The complaint that the appellee was permitted to prove that the elevator was mended after the accident has no basis in fact. The court was careful to exclude such proof, though it did allow proof as to the manner in which the machinery might easily have been remedied, and to this we can see no objection. Nor do we think it was a reversible error to allow the witness O'Bryan to state what one Parker said in reference to the dangerous condition of the elevator while Parker was using it under the company; yet the proof may not have been strictly competent. However, the defective condition of the machinery is so

overwhelmingly established that Parker's statement added nothing to the strength of the evidence in that behalf.

The most serious question in this case was the refusal of the court to require the appellee to submit to a physical examination during the progress of the trial. This request by appellant for such examination was refused, but the ground of the refusal is not stated. We have heretofore held, but since the trial of this case, The Belt Electric Line Co. v. Allen, 19 Ky. Law Rep. 1656 [44 S. W. 89], that such an examination may be required in the exercise of the sound discretion on the part of the trial court, and when it fairly appears that the ends of justice require it, and that knowledge of necessary and material facts can only be brought to light by such examination. In the present case some eighteen months had elapsed from the time of the accident to the date of trial, and it was apparent to all that the appellee was a cripple. It was an undisputed fact that he had suffered extreme and excruciating pain. His right thigh was broken, his left thigh mashed, and his body otherwise bruised and injured. An examination by the company's expert physicians, or by a commission of learned doctors, might have informed the jury of the exact nature of the trouble under which the appellee labored, and have clothed their information in the usual technical nomenclature of the profession, but the patent fact that the man had thus suffered and was a cripple could not have been explained away. In the courts where the power to compel a submission to such an examination is upheld,—and it is denied in many,—it is not held that a defendant has an absolute right to demand such an order, but, as we have said, the motion therefor is addressed to the sound discretion of the court. We are not convinced that the trial court

abused this discretion in refusing to make the order for such examination, under the proof and circumstances in the case. We have examined carefully the instructions given, and believe they embrace the law of the case.

The judgment is affirmed.