## Romans, et al. v. McGinnis, et al.

(Decided December 2, 1913).

### Appeal from Warren Circuit Court.

1. Assault and Battery—Arrest—Action Against Officer.—In an action against an officer for unnecessary force used in effecting

an arrest, no recovery can be had except for such mental and physical suffering as resulted from the use of such force as was in excess of what was necessary to effect the arrest, to retain the arrested person in custody, and to repel assault by him.

2. Trial—Verdict—Ambiguous Verdict.—Where plaintiff brought a suit against a policeman and The United States Fidelity & Guaranty Company, surety on his bond, for assault and battery committed by the use of unnecessary force in making an arrest, and the jury were instructed that compensatory damages might be found against defendant officer and his surety, and punitive damages against the officer alone, and the jury brought in a verdict which reads as follows: "We the jury find for plaintiff $750 punitive damages and against defendant $250," the verdict is too uncertain to support a judgment.

3. Trial—Verdict—Affidavit of Juror Cannot Be Used to Explain Verdict.—The ex parte affidavit of a juror cannot be used to explain an ambiguous verdict. If the meaning of the verdict cannot be made certain from the record, it will not support a judgment.

4. Assault and Battery—Damages—Sureties—Liability of.—In an action against an officer for damages resulting from the use of unnecessary force in effecting an arrest, the jury should merely fix the amount of the compensatory damages; and the judgment will fix the liability of the surety on the officer's bond; that liability is fixed by law, and cannot be limited or extended by the verdict of a jury.

T. W. & R. C. P. THOMAS and GRIDER & HARLIN for appellants.

G. H. HERDMAN, SIMS & RODES and W. R. GARDNER for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The appellee, Herbert McGinnis, who sued in the name of the Commonwealth for his use and benefit, instituted this action in the Warren Circuit Court against George C. Romans and the United States Fidelity & Guaranty Company as surety on the bond of said Romans as policeman of the city of Bowling Green, for damages for an alleged assault and battery, committed by said Romans in arresting appellee upon a misdemeanor charge; appellee basing his action upon the alleged ground that appellant, Romans, unnecessarily beat and bruised appellee in effecting said arrest.

Upon a trial, the jury returned a verdict, which reads as follows: "We, the jury, find for plaintiff against the Fidelity Insurance Company $750 punitive damages and against defendant $250. R. E. Allison, Foreman."

When this verdict was returned, appellee moved the court that judgment "be held up until further order of the court." On the same day, he entered a motion for judgment on said verdict, against both defendants for $750 compensatory damages; and in addition thereto, judgment against defendant Romans for $250 punitive damages. In support of this motion he filed the affidavit of R. E. Allison, one of the jury, to the effect, that it was the intent of the jury to return a verdict as indicated in said motion. The court sustained said motion, and entered a judgment as therein requested; and from that judgment, this appeal is prosecuted.

Appellants contend that the court erred in entering said judgment, for the reason that it does not conform to the verdict. In the determination of this question, we may say at the outset that the affidavit of the juror, which was filed in support of the motion for judgment on the verdict, can not be given any weight or consideration. In the case of Alexander v. Humber, 86 Ky., 565, a verdict was returned which read as follows: "We, the jury, find for plaintiff one thousand dollars jointly." There were two defendants. Subsequently on a motion for a new trial, there were filed affidavits of certain jurors to the effect that they had intended to find $500 against each of the defendants. On appeal this court said:

"After a verdict has been returned, in open court, it would be a wide open door to trickery, corruption and fraud to grant a new trial upon *ex parte* affidavits of individual jurors as to what the jury intended to do." See Rager v. L. & N. R. R. Co., 137 Ky., 817, 127 S. W., 155, and cases referred to therein.

The verdict in this case, therefore, must stand unaffected by any explanation attempted or offered to be made by the *ex parte* affidavit of the juror.

In Pittsburg C. C. & St. L. Ry. Co. v. Darlington's Admx., 129 Ky., 266, 111 S. W., 360, it was said by this court that:

"Juries are gathered from every walk in life. Very frequently, perhaps most generally, they are not men of literary learning. Their choice of expression is very apt to be not exact; their verdicts being frequently ungrammatical, and rarely couched in the terminology of the law. Hence courts view the findings of the jury with great leniency, and every reasonable presumption is in-

dulged in aid of a general verdict. The main thing is to get an understanding of what the jury intended. Their intent is to be sought for in the language they used in their verdict *interpreted in the light of the record.* Resort may be had to the pleadings or other parts of the record to see what the jury meant by their verdict."

If, therefore, from the record itself, and regardless of any explanation offered to be made by a juror, the meaning and intent of the jury may be made intelligible, it is the duty of the court to give effect to the verdict, provided, however, that such meaning and intent may also be made *certain.* The petition in alleging damages says that "plaintiff McGinnis has been damaged in the sum of five thousand dollars as a direct and proximate result of said unlawful assault as predicated above, and that he should recover said sum from defendant Romans and $1,000 from his co-defendant, the amount of its liability according to said bond." From this allegation, he fixes the damages at $5,000, but says that he ought to recover that amount from defendant Romans, and $1,000 from his co-defendant. The jury was instructed that it could find as compensatory damages not to exceed $5,000 against Romans *and* not to exceed $1,000 against the United States Fidelity & Guaranty Company; and also that it could find punitive damages not exceeding in all the sum of $5,000. The question presented, therefore, is whether from the record the intent of the jury is susceptible of being made certain. By the instructions, the jury was not authorized to find punitive damages against the surety, yet it said in its verdict that "we, the jury, find for plaintiff against the Fidelity Insurance Company $750 punitive damages *and* against defendant $250." If it be assumed that by the word "defendant" the jury meant the defendant Romans, the matter is not made any clearer. It cannot be made certain from the verdict or the record that any of the damages found by the verdict were compensatory damages.

A judgment on the verdict without reference to the record would require a recovery of $1,000 against the defendant United States Fidelity & Guaranty Company, as it is the only defendant named in the verdict. The finding of the first sum, $750, is explicit, and is clearly against said company alone; and the last part of the verdict, being joined to the first by the word "and" would indicate that the last named sum should be added the to the first, and this is the full amount the instruction

authorized the jury to find against said company. In the light of the record, however, it is not probable that the jury intended to render a verdict of this nature. They undoubtedly intended to find some amount against the defendant Romans, but to determine what amount, one is required to enter the field of speculation. This has sometimes been done, and sanctioned by this court; and no doubt it should be permitted when it can be done with certainty. But, in emerging from the field of speculation, one must be able to leave behind all doubt and all uncertainty. In the case above referred to, of Pittsburg, etc., Ry. Co. v. Darlington's Admx., this court extended this rule probably as far as it should go. That was an action against two railway companies, the Pittsburg C. C. & St. L. Ry. Co. and the L. & R. R. Co., which were distinct and separate corporations. But the evidence showed that the former was a part of the Pennsylvania System, a subsidiary of the Pennsylvania Railroad Company, and for convenience of the attorneys, it was referred to by them in the examination of witnesses in answering questions, as the Pennsylvania Railroad Company. The jury returned the following verdict: "We, the jury, find a verdict for the plaintiff to the amount of ten thousand dollars and fix the blame on the Pennsylvania Railroad Company." This verdict was somewhat ambiguous, but the amount of the recovery was definitely fixed. The finding was against but one of the defendants; and while the name of the defendant found against (on whom the "blame" was fixed) is not given as stated in the pleadings, it is clearly a misnomer. It was evident that the jury did not intend to find against the L. & N. R. R. Co.; as neither the pleadings, nor any of the evidence, referred to it as any part of the Pennsylvania System. It was an indefinite verdict, but one that could be corrected, and its intent made certain, by reference to the record.

The verdict in the case at bar, however, is more ambiguous, and more difficult to make certain. It is true, that a large majority of persons would conclude that the verdict was properly construed and the real intent of the jury expressed in the judgment entered thereon; yet, the mind is left in doubt in respect to the true meaning of the jury. It must be remembered that juries do not always understand instructions, and it is possible that the instructions in this case were not understood, especially as the instructions seem to authorize an in-

dependent finding against the surety company. Again, juries are sometimes more liberal in their findings against strangers and corporations than against their neighbors; and did this feeling actuate them in their findings in this case, it might be that a literal interpretation of the verdict is what the jury really intended, as under this construction the corporation would have the whole amount to pay. Again, the verdict is against the "Fidelity Insurance Company $750 punitive damages and against the defendant $250" and construing the verdict with the instructions, it might be construed to mean that the jury intended to find against the corporation alone in the greater sum, and against the defendant, Romans. in the lesser, as the instructions mention the name of Romans as defendant eight times, and the United States Fidelity & Guaranty Company as defendant but once. It is possible that the jury through sympathy desired the plaintiff to recover a sum in consonance with the sum sued for; but did not want to be too severe with their neighbor, and decided to make the corporation pay the greater part of the recovery. The verdict is susceptible of all of these constructions, and to place upon it either of these interpretations still leaves the mind in uncertainty, and when a verdict is susceptible of so many constructions, it should be corrected before the jury is discharged, or not at all. When the verdict was returned, the plaintiff moved the court to "hold up judgment thereon." It must, therefore, be presumed that plaintiff was present by counsel when the verdict was returned, and it was his duty at that time to enter a motion to require the jury to make its verdict more definite, and not wait until it could be learned from one of the jurors, in private, what was meant by the verdict, before making such motion.

Appellants also object to the instructions. Instruction No. 1, as given, is as follows:

"If the jury believe from the evidence that defendant Romans in making the arrest of plaintiff McGinnis, assaulted, beat and bruised plaintiff, when same was not necessary, and did not reasonably appear to defendant as necessary for his own self defense, or to effect the arrest of plaintiff; or after having plaintiff in custody, did beat and bruise plaintiff unnecessarily or more than reasonably appeared to defendant as necessary to defend himself against any assaults of plaintiff, if any, and to make the arrest, they will find for plaintiff such a sum in damages as they may believe from the evidence will

fairly compensate plaintiff for mental and physical suffering, if any, not to exceed the amount sued for $5,000 against defendant Romans and not exceeding $1,000 against defendant United States Fidelity & Guaranty Company.

This instruction is erroneous in that it allows a finding for *all* the mental and physical suffering of plaintiff resulting from the beating, bruising and wounding of plaintiff by defendant Romans. It should have allowed recovery for *only* such mental and physical suffering as resulted from such beating, bruising and wounding as was *in excess of what was necessary* to be inflicted by defendant Romans, in order to effect the arrest; or to retain plaintiff in his custody after the arrest was effected; or to repel any assault by said plaintiff, upon defendant Romans. The instruction also permits the jury to make a separate finding against the surety company; to find a verdict against defendant Romans for any amount not exceeding $5,000, and against the defendant United States Fidelity & Guaranty Company for any amount not exceeding $1,000; that is, under this instruction the jury could find a verdict against Romans for $2,000 and against the surety company for $500. It was, therefore, erroneous in this respect. There was nothing to be submitted to the jury in reference to the liability of the surety. The law fixes its liability, and the jury cannot change it. It is liable for the whole of the verdict found under this instruction, if it should not exceed $1,000; and a judgment should be rendered against both defendants on the verdict, up to the amount of $1,000, and against defendant Romans alone for any amount in excess of $1,000. The court should determine the recovery from the surety, not the jury.

Instruction No. 1 should have been as follows:

"If the jury believe from the evidence that the defendant, Romans, in making the arrest of plaintiff, McGinnis, assaulted, beat and bruised plaintiff when the same was not necessary, or did not reasonably appear to said defendant, Romans, to be necessary to effect said arrest, or to protect himself from an assault or attempted assault on him by the plaintiff; or if they believe from the evidence that after having the plaintiff in custody, the defendant, Romans, did beat and bruise plaintiff, McGinnis, when the same was not necessary, or did not reasonably appear to said Romans to be

necessary, to protect himself from assault or attempted assault by said plaintiff, McGinnis, or to retain said plaintiff in custody, they will find for plaintiff such sum in damages as they shall believe from the evidence will reasonably and fairly compensate the plaintiff, McGinnis, for any mental or physical suffering sustained by him as a direct result of such *unnecessary* beating and bruising, if any, not to exceed the amount stated in the petition—$5,000—as compensatory damages."

Appellant also complains of the instruction on punitive damages. This instruction reads as follows:

"The court instructs the jury that if they find for plaintiff as predicated in instruction No. 1, and further believe that defendant Romans wantonly and maliciously assaulted, bruised and injured plaintiff, they may in their discretion, in addition to compensatory damages as set out in instruction No. 1, allow plaintiff punitive damages, not exceeding in all the sum of $5,000."

This instruction, while it ordinarily would not authorize a reversal, is nevertheless susceptible of criticism for the reason that the jury must be governed in its findings, not by what it *believes,* but by what it *believes from the evidence.* The court should also have defined the words "wantonly and maliciously" as meaning an evil or unlawful purpose, as distinguished from that of promoting the justice of the law.

Complaint is also made that the verdict is excessive; but as the judgment will be reversed on other grounds, we refrain from expressing an opinion on that subject.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.