# Howard v. Hyden.

### (Decided February 24, 1931.)

### (As Modified on Denial of Rehearing June 16, 1931.)

A. FLOYD BYRD for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

J. E. Miller was chief of police of Jackson, Ky., a town of the fourth class. As such, he executed on January 14, 1924, bond as required by section 3508, Ky. Statutes, with E. C. Hyden, Irvine Turner, G. M. Roberts, and A. R. Graham as his sureties, and he was duly sworn and assumed his duties as chief of police of that city.

Henry Howard, now deceased, was on the 16th day of August, 1924, in the city of Jackson, intoxicated and discharging his pistol, or it is so alleged that he was. Miller, as chief of police, summoned Matt Gabbard to assist him in arresting Howard. While doing so, it is alleged that before they completed the arrest, they maliciously and without right, and not in their necessary or apparently necessary self-defense of themselves, or either of them, shot and wounded Howard, from which shooting and wounding he presently died. The appellant, as the widow of Howard, instituted an action under section 4, Ky. Statutes, to recover of Miller and the sureties on his bond the sum of $10,000 as damages resulting from such shooting and wounding and death of Howard. The decedent left surviving him no children. Miller died and the action was revived against his personal representative.

Turner, Roberts, and Hyden filed demurrers to the petition. The court sustained a demurrer as to each of the defendants who were sureties on the bond of the deceased John E. Miller, as chief of police. A copy of the bond alleged to have been filed with the petition does not appear in the record. No question is raised because of its absence. We shall determine the question as if it were present and a part of the record. The appellant excepted to the judgment on demurrer and elected to stand by his petition as to the defendant E. C. Hyden and prayed an appeal which was accordingly granted. From this judgment as to Hyden this appeal is prosecuted.

The right of appellant to recover from the sureties on the bond as chief of police is fixed by section 3508, Ky. Statutes, which is in this language:

"The chief of police and his deputies, if any be appointed, before entering upon the discharge of their duties shall execute bond, with good surety, in

the sum of two thousand five hundred dollars ($2,500.00), to be approved by the board of council-men, to the Commonwealth of Kentucky for benefit of whom it may concern, that they will faithfully discharge all the duties of the office, and pay over all sums of money that may come into their hands to the person entitled thereto; and for any unlawful arrest, or unnecessary or cruel treating or assault in making an arrest, they and their sureties shall be liable to the person so injured on said bond.''

We have construed this statute as giving a right of action against the sureties on a bond executed in pursuance to it in Fidelity & Deposit Co. v. Sally, 237 Ky. 136, 35 S. W. (2d) 7. We held that an action for the wrongful and malicious acts of an officer was maintainable against the sureties by reason of the statute supra. There is no reason for distinction because of the result to the injured person of the wrongful and malicious acts of such officer, and an action is maintainable against the sureties under the statute where death results or does not result to the injured person. The demurrer of the surety Hyden was erroneously sustained to the petition.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.