## Logan et al. v. Porter.

February 2, 1951.

Astor Hogg, Special Judge.

W. E. Faulkner, Faulkner & Faulkner for appellants.

Don A. Ward for appellee.

JUDGE STEWART—Reversing.

Appellee, Agnes Porter, instituted this action for

false arrest and imprisonment in the Perry Circuit Court against Robert W. Dean and Harold D. Logan, two policemen of the city of Hazard, and against the surety on their bonds, namely, Standard Accident Insurance Company. The Insurance Company filed its separate answer admitting its liability as surety on the bonds of Dean and Logan up to the amount of $2000 for each. Furthermore, it alleged that its liability to Mrs. Porter would depend solely upon the facts developed on the issues raised between her, on the one hand, and Dean and Logan, on the other hand, and upon the result of a determination of those issues in a trial; and that, after a trial and determination of the issues between Mrs. Porter and the two policemen, the Court would be able to render a proper judgment respecting the liability, if any, of the Insurance Company, within the limits of the amount of the bond of each policeman on which it was surety.

At the conclusion of all of appellee's testimony, the lower court, on Dean's motion for a peremptory instruction, dismissed the action as to him. When the trial ended, the case was submitted to the jury, and a verdict was returned for Mrs. Porter for $2000, to be paid by the Insurance Company and Logan.

Judgment was entered in accordance with the verdict. Appellants then filed their motion and grounds for a new trial, which were overruled. Mrs. Porter next moved to remit and credit her judgment with the sum of $1250. This motion was sustained, and an order was entered reducing her judgment against Logan and the Insurance Company to $750. The motion and grounds of appellants for a new trial were reconsidered and again overruled.

Appellants seek a reversal of the judgment of the lower court on the following grounds: (1) The instructions to the jury were erroneous; (2) the verdict of the jury is contrary to and is not supported by the weight of the evidence; (3) the verdict is the result of passion and prejudice upon the part of the jury; and (4) the verdict is excessive in view of the short time spent by Mrs. Porter in jail.

The evidence introduced at the trial discloses that on the night of July 11, 1948, Mrs. Porter, together with

her husband, Taylor Porter, and two other persons, A. D. Hickman and J. D. Combs, were traveling in a panel truck from Scuddy, Kentucky, where they had attended a dance, to their home at Chavies, Kentucky. In making this trip, it was necessary for them to pass through the city of Hazard. Arriving at Hazard they proceeded along East Main street until they reached a spot opposite the city jail. Here their truck broke down and Taylor Porter and one of the other passengers got out to fix it. While they were thus engaged, policemen Logan and Dean, who claimed that the occupants of the truck attracted their attention because they were making a lot of noise, went over to investigate.

Appellee testified that the two officers first arrested her husband and Hickman, and took them to the jail; then they came back and got Combs and told her, and we quote, ''to come along also.'' She also stated that Logan made her give him her pocket book and that, when they reached the jail, he shoved her through the door. She remained in jail she said, from midnight to 3:00 a. m. The jailer testified that one of the policemen booked Mrs. Porter as a prisoner and that he afterwards placed her in the section of the jail reserved for women. He then went back to bed and slept until morning. When he awoke he found Mrs. Porter had already been released from jail by one of the policemen.

Logan and Dean testified that they first arrested Taylor Porter and Hickman for drunkenness. They did not see Combs at the time, but, after they had brought the first two men to the city jail, they were told there that some one was running away from the truck up East Main street. They gave chase in their car and captured a man who turned out to be Combs. He was also drunk and they started walking him back to jail. In passing the truck on the way, Mrs. Porter, who was alone, requested them to allow her to accompany them to the jail to see about her husband. They assented to her request, and she accompanied them to the jail, walking ahead of them. There they left her in an anteroom to the jail where her husband, Hickman, Combs and some other prisoners were being ''frisked'' and booked preparatory to their being jailed. The policemen immediately left on a call to another part of the city which occupied them about 45 minutes. In the confusion that

followed, they say, Mrs. Porter was placed in jail. They contend they never arrested her, nor did they intend that she become a prisoner in the city jail. No warrant was ever procured for her.

We are of the opinion that the first ground urged by appellants for a reversal of the herein judgment should be sustained. Accordingly, the retrial of this action below, with proper instructions given to the jury after all of the testimony is in, renders it unnecessary that we consider on this appeal the last three errors alleged by appellants relative to the verdict.

In the trial of this action no mention was made of the Insurance Company until the lower court, on its own motion, gave the following two instructions to the jury:

"(C) The Court instructs you that you cannot find a verdict for the plaintiff against the defendant, Standard Accident Insurance Company, unless you also find against the defendant, Harold D. Logan. If you find a verdict for the plaintiff, your verdict against the defendant, Standard Accident Insurance Company cannot exceed the sum of $2,000.00.

"(D) If you find for the defendant you will say so in your verdict and no more. If you find for the plaintiff you will specify in your verdict the amount you find for the plaintiff against the defendant, Harold D. Logan, and the amount you find against the defendant, Standard Accident Insurance Company."

Counsel for appellants objected to the giving of the above instructions and moved to set aside the swearing of the jury and to continue the case. His objections and motion having been overruled, he now insists that such instructions were prejudicial to his cause.

In the case of Romans v. McGinnis, 156 Ky. 205, 160 S. W. 928, 931, which was an action by McGinnis against Romans, a policeman, for damages for an alleged assault and battery, committed by Romans in arresting McGinnis on a misdemeanor charge, the jury was instructed, in part, if it found for McGinnis, the sum should "not to exceed the amount sued for $5,000 against defendant Romans, and not exceeding $1,000 against defendant United States Fidelity & Guaranty Company." The court condemned this type of instruc-

tion, first, because it permitted the jury to make a separate finding against the surety company, second, because there was nothing to submit to the jury with reference to the liability of the surety, that being fixed by law. "The court should determine the recovery from the surety, not the jury," this opinion further declared.

Appellee insists that the case of Rice v. Lavin, 199 Ky. 790, 793, 251 S. W. 990, overrules the principle of law above stated in the Romans case. The Rice case, however, is distinguishable from the Romans case, because in the former decision the surety on the bond of policeman Rice denied that he was a policeman at the time mentioned in the pleadings, or, if he was, that he was acting within the scope of his authority or that the bond was in full force and effect at the time complained of. By its answer the surety made a defense to the action on its merits and introduced evidence in support of its contention; and, of course, the issues raised by the surety's pleading were properly submitted to a jury. The instruction of the lower court was not technically correct, the Rice opinion stated, but when the jury returned a general verdict and the lower court entered a judgment against the surety for the amount limited by its bond this cured the defect in the instruction.

However, should there be any doubts as to applicability to the case at bar of the rule of law laid down in the Romans case, the recent opinion of Turner v. Smith, 313 Ky. 635, 232 S. W. 2d 1006, cites the Romans case with approval in deciding that it was a reversible error for Smith's counsel, in his opening remarks to the jury, to state that the insurance company in that action had been made a party defendant because it was the surety on Turner's bond, although the trial judge admonished the jury that it should disregard the counsel's statement as irrelevant. The answer of the insurance company in the Turner case was substantially the same as the answer of the surety in the instant action. The opinion of the Turner case stated that there was no question to be submitted to the jury as to the liability of the insurance company, but that the jury should have returned a verdict and the court should then have ordered a recovery from the surety.

Appellee also insists that the lower court did not

err in instructing the jury as it did, in view of the holding of this Court in Belle of Nelson Distilling Co. v. Riggs, 104 Ky. 1, 45 S. W. 99. This opinion sets forth the doctrine of law, adhered to in a long line of decisions by this Court, that it is not sufficient cause to discharge a jury and to continue a case in the lower court, nor is it reversible error in an appeal to this Court, when during the trial of an action incidental or casual references are made to an insurance carrier of a litigant, when such statements are not calculated to mislead or prejudice the jury, and, when the Court distinctly admonishes the jury to disregard such as incompetent. In the case at bar, the insurance question was submitted to the jury without reservation, as the instructions in question will readily show. The case of Howard v. Hyden, 239 Ky. 233, 39 S. W. 2d 265, merely decided that it was proper to make the sureties parties to an action by a widow against a policeman who had wrongfully caused the death of her husband, but this opinion did not hold, as counsel for appellee contends, that, because the sureties were co-defendants, the jury could be instructed as to their liability on their suretyship agreement.

Counsel for appellee in his brief advances the argument that the Insurance Company cannot raise a question about the instructions given by the court identifying it as a defendant in this action, even though the instructions might be erroneous in whole or in part, because appellants failed to offer any instructions to the Court covering the particular phase of this case about which it now complains. In answer to this contention, we think the law is well settled that where the Court, on its own motion, or at the request of either of the parties, undertakes to instruct the jury in civil cases, then the court must give correct instructions upon each issue concerning which it undertakes to instruct, and, if an erroneous instruction is given that prejudices the substantial rights of the complaining party and proper exception is saved, it will be a reversible error. Louisville, H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; Lexington & E. Ry. Co. v. Crawford, 155 Ky. 723, 160 S. W. 267; Louisville & N. Ry. Co. v. Stephens, 188 Ky. 1, 220 S. W. 746.

We are of the opinion that the pleadings in the case

at bar left nothing to be tried by the jury concerning the liability of the Insurance Company as surety on Logan's bond. Therefore, instructions which mentioned the Insurance Company, the amount of the bond it had signed as surety for Logan, and the extent of its limited liability on the bond, called to the attention of the jury an extraneous fact that was not only calculated to confuse it but which was highly prejudicial to appellants.

Wherefore, the judgment is reversed and the cause is remanded for proceedings consistent herewith.