### TURNER et al. v. BOLEYN.

Court of Appeals of Kentucky.

Nov. 2, 1951.

———◆———

W. E. Faulkner, Hazard, for appellants.

D. G. Boleyn, E. C. Wooton, Hazard, for appellee.

MORRIS, Commissioner.

Appellee Boleyn, plaintiff below, recovered a judgment for $750 against appellants Turner, a police officer of Hazard, and his co-defendant, Standard Accident Insurance Company, surety on his official bond. On appeal it is contended that (1) the verdict is not supported by the evidence, and is excessive; (2) the court erred in not sustaining appellants' motion to discharge the jury because of misconduct of counsel for appellee.

Boleyn was arrested by Turner and another officer, whilst he, Boleyn, was on the streets in a drunken condition, and taken to jail. He testified that during this progress to jail and after reaching there, he was severely beaten and bruised by the officer. Turner testified that the trip to the jail was without material incident; he denied that he struck Boleyn at any time.

As to the alleged misconduct, the bill of exceptions show that in stating the case to the jury counsel for plaintiff said, in substance, that the Standard Insurance Company was surety on the officer's bond and was a defendant. Counsel for appellant made objection; the court then asked plaintiffs' counsel to repeat what he had said in respect of the Insurance Company. This was done and the court overruled the objection, and again reference was made by appellee's counsel to the fact that the company was a defendant, and added that under the pleadings there was "no issue

of fact as between the plaintiff and the company."

Turning to our recent opinions in Turner v. Smith, 313 Ky. 635, 232 S.W.2d 1006, and Logan v. Porter, 314 Ky. 552, 236 S. W.2d 478, we find that under the same circumstances, where reference was made to the fact that the insurer was a party defendant in substantially the same language, we held reversible error. These cases, and others cited therein, are controlling and compel reversal. The other questions raised are reserved.

Judgment reversed.