## GIVIDEN et al. v. SULLENGER.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Rehearing Denied Dec. 21, 1951.

884

Harlan Heilman, Carrollton, for appellants.

William G. Reed, Carrollton, for appellee.

MILLIKEN, Justice.

The individual appellants were policemen in the City of Carrollton and the corporate appellant was the surety on their bonds. The officers arrested the appellee about midnight November 14, 1949, charged her with drunkenness in a public place, and placed her in the heatless jail where she remained unattended until about 9 o'clock in the morning. At the police court hearing. the next afternoon the charge was altered to breach of the peace. After hearing the evidence the City Attorney recommended a dismissal which the court granted. Two days later the appellee filed her petition in this action asking compensatory and punitive damages for false arrest and imprisonment. Judgment was entered in conformity with the verdict awarding her $500 compensatory and $100 punitive damages, and, after a motion for a new trial was overruled, this appeal was taken.

We are urged to reverse the judgment because of improper argument of appellee's counsel and the inclusion of alleged facts in the opening statement for which no proof was offered. The questioned statements were more embellishments than provocations calculated to affect the jury. The reference to the appellant insurance company in the appellee's final argument as this "Baltimore Corporation" and the comment that "they (the police officers) and their bond company, that Baltimore Corporation, will pay this good woman, and that corporation is bound and obligated to," came perilously near to being reversible error under the doctrine of Fidelity and Deposit Company of Maryland v. Commonwealth for Use of Freer, 231 Ky. 346, 21 S.W.2d 452, but it is our considered opinion that the quoted statement was not sufficient to afford such emphasis to the bonding company's role in the litigation as to amount to reversible error, since the bonding company was a named party to the litigation.

The present case is distinguishable from the line of cases represented by Turner v. Boleyn, Ky., 243 S.W.2d 482; Turner v. Smith, 313 Ky. 635, 232 S.W. 2d 1006; Romans v. McGinnis, 156 Ky. 205, 160 S.W. 928, where the bonding companies involved admitted liability in their pleadings in case the individual bonded defendants were found liable. Thus, in those cases the pleadings created no factual issue with those of the claimants, and as a consequence it was reversible error to make any comment to the jury about the bonding companys' interest in the litigation. In the case at bar, the United States Fidelity & Guaranty Company of Baltimore, Maryland, merely filed a general denial to the plaintiff's petition, thus creating a factual issue for the jury.

The court's instruction was the usual one covering false arrest and imprisonment and informed the jury that compensation "for any physical and mental suffering" incident to the arrest was allowable.

The inclusion of physical suffering as a compensable feature is challenged, but it is the belief of the court that the incarceration in the unheated jail in mid-November is sufficient to support an instruction on physical suffering.

While the tales told by the opposing parties are quite conflicting in the meanings given various occurrences, it is our conclusion that this was within the province of the jury to weigh, and, the verdict having competent evidence to sustain it and being reasonable in amount, it was not prompted by passion and prejudice.

The judgment is affirmed.