**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Gordon C. ENOCH, Jr., Appellee.**

Court of Appeals of Kentucky.

May 23, 1975.

Jim Robinson, Dept. of Highways, Frankfort, Kenneth S. Baker, Jackson, Lewis D. Jones, Flemingsburg, for appellant.

Bruce Stephens, Jr., Hazard, Richard C. Ward, Craft, Barrett, Haynes & Ward, Hazard, for appellee.

PALMORE, Justice.

This is a highway condemnation case in which the interest of the landowner consisted of mineral rights only. The actual taking embraced 32.52 acres, but this acreage was so located that it separated or "landlocked" another 31.39 acres from the remainder of the owner's mineral tract. In accordance with the instructions, which by stipulation treated the acreage taken and the landlocked acreage as separate tracts from the mineral tract as a whole, a jury awarded $9,000 as the fair market value of the 32.52 acres of mineral rights taken and $6,000 ($15,000 less $9,000) as the difference in fair market value of the landlocked 31.39 acres of mineral rights immediately before and after the taking, totalling $15,000. The highway department appeals from a judgment substituting $24,000 for the $15,000 awarded by the jury's verdict.

At the time the instructions were given the landowner made a timely motion that

the instruction with reference to the landlocked acreage be confined to its value immediately prior to the taking, because there had been no evidence that it had any value afterward. For purposes of this opinion it may be assumed that this position was correct. Nevertheless, the trial court denied the motion and instructed the jury to find before and after values for the landlocked acreage and to award the difference. The verdict thereafter returned by the jury, finding a before value of $15,000, after value of $9,000, and a difference of $6,000, was unambiguous and entirely consistent with the instructions.

The trial was held and completed on March 19, 1973. On March 27, 1973, the landowner served a "Motion for Judgment N.O.V. and/or To Correct Verdict of Jury" which in substance and effect asked that the verdict be amended to reflect an award of $15,000 rather than $6,000 for the diminution in value of the landlocked acreage. In due course this motion was granted and a judgment was entered accordingly. In the judgment it is recited that during the course of the trial the court had refused to permit the parties to stipulate that "this property was a total taking with no after value."

■ The only ground on which a motion for judgment n. o. v. can be granted is that the movant asked for and was entitled to a directed verdict at the close of all the evidence. Clay's Kentucky Practice, CR 50.02, Comment 4. Obviously such a judgment can never be proper in a condemnation case if there is any conflict in the valuation evidence. In this case, there were three estimates of the value of the 31.39-acre mineral rights, ranging from $1950 to $59,191. It would not have been possible for the trial court to direct a verdict fixing this value. Hence there was no sustainable basis for a judgment n.o. v.

■ Nor was it proper for the trial court to alter the verdict after the jury had been discharged. See Faman v. Lexington Ice Co., 8 K.L.R. 97 (1886); Romans v. McGinnis, 156 Ky. 205, 160 S.W. 928 (1913); Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S.W.2d 656, 659 (1943). There was nothing wrong with the verdict anyway. The problem consisted of an erroneous instruction, for which a new trial ordinarily is the only remedy. Amending the verdict to reflect what it would or should have been had the instructions been different is not an acceptable method of correcting errors in the instructions.

It may be thought that this result exalts form over substance, because the jury did in fact find the before value of the landlocked minerals, which is all it should have been required to find. We know, however, that jury verdicts generally represent compromises on an over-all figure. A juror who agreed to the before and after figures because he was willing to award $6,000 for this tract may not have been willing to award $15,000 for it. When the instructions assign to a jury the responsibility of fixing the amount of an award there can be no "verdict" unless the jurors arrive at a conscious intent to award a certain amount or amounts of money. Theoretically, placing a value on a piece of property and actually awarding that sum of money to its owner in a condemnation suit ought to be one and the same, but experience persuades us that it is not necessarily so.

The landowner did not move for a new trial. Whether the time has expired in which a new trial may be granted or ordered by the trial court is a question we do not reach. Cf. CR 59.02, 59.04, 6.02.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.