**Edwin W. MYERS, Appellant,**

v.

**CITY OF LOUISVILLE, Officer Jimmy Scalf, Officer Tom Brooks, and Officer Frank Portman, Appellees.**

Court of Appeals of Kentucky.

Nov. 2, 1979.

David E. Murrell, Frankfort, for appellant.

Henry Watson, III, Deputy Director of Law, Kyle T. Hubbard, Daniel Hall, Louisville, for appellees.

Before COOPER, GANT and WILHOIT, JJ. .

COOPER, Judge.

This is an appeal from a judgment based on a jury verdict for the defendants-appellees in a civil suit alleging false arrest and imprisonment. The trial court overruled the appellant's motion for a judgment notwithstanding the verdict. The appellant alleges several errors with the instructions, and the further fact that he should have been granted a judgment notwithstanding the jury verdict.

On July 2, 1977, the appellant, Edwin W. Myers, who is totally blind, accompanied by two other people attempted to enter the Starving Artist Restaurant with his guide dog. The proprietress, Gloria Donaldson, refused to permit him to come into the

restaurant with his dog. Myers insisted that he had the right to do so because the law permitted a blind person to take their trained guide dog into all places of public accommodation. The evidence established that the guide dog was not muzzled as required by KRS 258.500(6). Upon Myers insistence, Ms. Donaldson called the police. After the police arrived they asked Myers to step outside. The police officers indicated to Myers that he would be permitted inside the restaurant if he left the dog in the car. Myers refused this alternative and demanded that he be permitted inside the restaurant with his dog. The discussion with the officers went on for approximately 20 to 45 minutes, and the police officers informed Myers that if he went back inside the restaurant with his dog he would be arrested. Myers demanded that he be locked up because he was going back inside. The appellant went back inside the restaurant and was thus arrested on a charge of disorderly conduct for refusing to obey a police officer. Myers was subsequently tried in Jefferson District Court and was acquitted on the charge of disorderly conduct.

The appellant contends he should have been granted a judgment notwithstanding the jury verdict.

CR 50.02 provides that "[n]ot later than 10 days after entry of judgment, a party who has moved for a directed verdict at the close of all the evidence may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict . . ."

■ Kentucky courts have consistently construed this rule as precluding a party from obtaining a judgment notwithstanding the verdict if said party failed to move for a directed verdict at the close of all the evidence. In *Commonwealth, Dept. of Highways v. Enoch*, Ky., 523 S.W.2d 633 (1975), the Kentucky Court of Appeals held that the only ground on which a motion for judgment notwithstanding the verdict can be granted is that the movant ask for and is entitled to a directed verdict at the close of all the evidence.

■ A review of the evidence indicates there was a question of fact for the jury on the issue of whether the officers believed, and had probable cause to believe, that the appellant committed the offense of disorderly conduct. The jury agreed with the officers.

We agree that the trial court was correct in not granting a judgment notwithstanding the verdict.

■ On the second issue, the appellant argues that the trial court erred in instructing the jury to find against the appellees for false arrest and imprisonment only if the appellees did not then believe, and have probable cause to believe, that the appellant had committed the offense of disorderly conduct in the appellees' presence.

It appears the trial court relied on the holding in *Couch v. Vanhoose*, 314 Ky. 36, 234 S.W.2d 169, 173 (1950), in formulating its instructions to the jury. In *Couch, supra*, the Court of Appeals held that in a false arrest action against policemen, instructions to the jury defining the duty of policemen should have stated that the policemen had a right to arrest the plaintiff if the policemen had reasonable grounds to believe and did believe in good faith that the plaintiff at the time of arrest was drunk or disorderly. Police officers are constantly making arrests in high pressure situations and as a matter of public policy should not be required to make fine, legal distinctions on the spur of the moment under these conditions.

■ In the last issue, the appellant states that the court committed error in not instructing the jury on all the necessary elements of disorderly conduct applicable in this case.

It is our opinion on this last issue as it is substantially with this entire case that the errors raised are technical and harmless. Standing on what he thought were his statutory rights, appellant challenged the authority of the police. He could have left the premises, but instead invited his own

arrest. The evidence is clear that the police acted cautiously and reasonably and only arrested appellant at his own insistence. Since the evidence is clear beyond reasonable doubt that the seeing-eye dog was not properly muzzled, he was not entitled to enter the restaurant. The arrest was therefore proper.

Street-level law enforcement personnel cannot be expected to know and apply the technical legal rules of what constitutes disorderly conduct in every street confrontation. In deciding whether to arrest, they can and are expected to use reasonable judgment and only such force as is dictated by the circumstances. There was ample evidence for the jury to determine that the police acted with caution and restraint in this case and that appellant, based on the fact of his dog being inadequately muzzled, had no right to enter the restaurant premises. In preventing him, the police acted well within the limits of their authority, and any error in the instructions concerning the element of probable cause in making an arrest or determining what constitutes disorderly conduct was merely harmless.

The judgment in favor of appellees is affirmed.

GANT, J., concurs.

WILHOIT, J., dissents in a separate opinion.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion because I believe the trial court erred to the substantial prejudice of the appellant in failing to instruct the jury on all of the elements of the offense of disorderly conduct. Unless the jury was instructed as to the elements of the offense charged, I cannot see how it could conclude that there was probable cause for the officers to believe that the appellant was guilty of the offense. Because of the peculiar facts of this case, a jury could well have concluded that the officers had no probable cause to believe that the appellant intended to cause public inconvenience, annoyance, alarm, or wantonly created a risk thereof.

Yet, these are necessary elements of the offense of disorderly conduct.

I cannot agree with the majority that police officers "cannot be expected to know and apply the technical legal rules of what constitutes disorderly conduct in every street confrontation," or the fact that they may have "acted with caution and restraint" would obviate any illegality in these acts. Police are trained and should be expected to know the elements of an offense for which they are arresting a citizen, and illegal acts are committed every day "with caution and restraint."