Chief Justice Simpson
delivered the opinion of the Court,
This was a suit by petition and summons, coramen-•ced in April 1850, on a note for five hundred dollars, bearing date December, 1830, and payable to the plaintiff’s intestate, twelve months after date. *
The defendant filed pleas of non est factum payment, and no consideration, upon which issues were made up by the parties, and a trial had, which resulted in a verdict for the plaintiff.
The {act that a creditor had been «tribuíase-ed for a numbe* oí years, and during lhai time in enumerating his resouicee for means amongst his friends had never been heard to mention a debt of as much as $500 now claimed by one who was always able to pay it, was competent testimony to go to the jury conducing to show that the debt claimed, if ever due, had beea paid.
*460 Certain evidence was introduced bv the defendant before the jury upon the trial, which the Court excluded from their consideration, and the propriety of the action of the Court in that respect, is the question now presented for our determination.
It was proved upon the trial that the plaintiff’s intestate and the defendant were brothers, that the signature to the note sued upon, was in the hand-writing of the defendant, that the plaintiff’s intestate was much embarrassed and pressed for money, from a period antecedent to the date of the note sued on until the time of his death, which occurred in the year 1849, and had been a money borrower for the last thirteen or fourteen years of his life, and that nearly all of his property had been sold and subjected to the payment of his debts during his lifetime; and that the defendant had been, all the time, since ihe date of the note sued on, full-handed, in easy circumstances, and able to pay all his debts.
The defendant introduced several witnesses, who proved that they were intimately acquainted with Josiah Marshall, the plaintiff’s intestate, from a period prior to the date of the note sued on, until his death, and with his affairs and business transactions, and that they had never known or heard of his having sold any property, or loaned any money to the defendant, or of any trading between them or of any debt due from the defendant to his brother Josiah. Some of the witness, es also proved that they were the securities of Josiah Marshall for money he had borrowed after the year 1835, and had conversed with him in relation to his means to pay his debts, and assisted him in making arrangements for that purpose, and had never heard him speak of any debt due to him from the defendant. This was the evidence which was excluded by the Court.
The evidence thus excluded, was clearly competent.
The fact that Josiah Marshall, who was embarrassed in his circumstances, and compelled to sell his property to pay his debts, did not, in enumerating to his intimate *461 friends his means and resources for the payment of his debts, allude to or mention a debt due to him by the defendant, furnished a strong presumption, either that the note sued on had never been obligatory, or if it had, that it had been paid off. The conduct of a party who knows the truth of a fact, or is presumed to. know it, is always evidence against himself, and when he is placed in a position where if he acted as men usually do, under the influence of similar motives, and in like circumstances, he would not remain silent; if he fails to speak, nis silence affords a presumption against him. As foi instance, where the existence of the debt, or of the particular right has been asserted in the presence of a party and he has not contradicted it. So in the present case, where the party undertook to enumerate his means to pay his debts, his silence upon the subject of the debt in contest, affords a presumption that he did not consider it available, and as -the defendant was able to pay it, the character in which he regarded it, must have resulted either from the fact that the note had been paid off, or that it had never been obligatory. The testimony also of witnesses who were acquainted with the parties, and had an intimate knowledge of their business transactions, and who, therefore, in all reasonable probability, would have heard of the creation or existence of the debt in contest, had it been valid and enforceable, that they had never heal'd of it or known of its existence, was competent, and created some presumption against the validity of the debt. Such testimony should be admitted, leaving the jury to determine under all the circumstances, the weight to which it may be entitled. Evidence to be excluded from the jury, should be clearly irrelevant to the issue; any circumstance from which the jury may infer á material fact, should be left to them. 1 Marshall, 3 and 19.
Evidence conducing to prove a fact in issue should not b excluded from th jury: 1 Mar. 2 19.
*461 The Court should not have excluded this evidence ( and should have given the instruction asked for by the defendant, that if the note sued on was not founded on *462 a good or valuable consideration, the law was for the defendant.
B. Hardin for plaintiff; Wickliffe for defendant.
For the error of the Court in excluding this testimony and instructing the jury to disregard it, and for refusing said instruction asked for by defendant, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.