## Felder v. Wilbers.

(Decided April 28, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Appeal and Error—Plaintiff's Testimony Tending to Show De-
fendant was Insured Held Not Prejudicial nor Sufficient to Re-
quire Reversal.—That plaintiff, suing for personal injuries sus-
tained when motor truck struck his wagon, testified that he had
been examined by physicians sent by insurance company held not
prejudicial nor reversible error, in view of amount of verdict and
fact that such testimony was immediately stricken on motion of
plaintiff's own attorney and only action taken by defendant was
motion to discharge jury.

J. P. HASWELL for appellant.

WILLIAM MIX for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

George H. Wilbers, who is a plumber in Louisville,
was driving along the Bardstown road in his wagon
drawn by a horse on June 2, 1921, about two o'clock in
the afternoon, going westward about five or six miles an
hour. His helper was seated on the seat by his side.
After he had passed the intersection of the Bardstown
road with Sherwood avenue, a Ford truck of J. C. Felder,
running about twenty miles an hour, undertook to pass
his wagon and negligently ran into the rear end of the
wagon, knocking it to the side of the street. Wilbers was
thrown with great violence from his seat, striking the top
of the wagon over the seat with such force as to break off
the standards that supported the top. He then fell back
upon the seat, striking the plank board at the back of the
seat. His helper, who was seated with him, was thrown
forward and landed between the horse and the wagon.
Wilbers was rendered unconscious, was helped from the
wagon to the curbing, where he remained a short time,
and he was then taken to the city hospital and from there
to his home. The proof for him shows that he received a
violent blow from the sharp edge that surrounds the
back of the wagon seat when he fell back upon it. He suf-
fered great pain in his back, shoulder and lower part of
his spine. As a result of the injury the sphincter mus-

cles contracted and for some months it was necessary to dilate these muscles to secure any action from his bowels. He had to be treated in this way by a physician for several months. He lost considerable time from his work. The treatment continued until some time in January. In this action to recover for his injury there was a verdict and judgment in his favor for $1,100.00. The defendant appeals.

The chief ground for reversal is the following after he testified as to his examination and treatment by his regular physician:

"Q. Have you been examined by any other physicians? A. Yes, sir, I have.

"Q. By whom? A. The insurance company sent up—

"Q. Don't say that. A. Dr. Humphrey and Dr. Zimmerman.

"Q. Who sent them to you? A. The insurance company."

"By Mr. Mix: I did not intend for him to say that and I move to strike that out. Counsel for defendant thereupon moved the court to discharge the jury and to reassign this case to another date for trial.

"By the court: Your motion will have to be overruled, to which ruling of the court the defendant by counsel excepted."

This court has held in a number of cases that it is improper to show in a case like this that the defendant is protected against loss by indemnity insurance. Danville Light, &c., Co. v. Baldwin, 178 Ky. 184, and cases cited. But it will be observed that the witness does not say what insurance company sent the physicians up. There are companies who issue policies insuring persons against accidental injuries, and for all that appears here the insurance company in this case may not have been an indemnity company. In addition to this it will be observed that his attorney who asked the question immediately said, "Don't say that," and then added, "I did not intend for him to say that and I move to strike that out." There was no objection to this motion and only a motion to discharge the jury. The jury could not fail to understand from this that the statement of the witness was not to be considered. In view of the extent of the plaintiff's injury the verdict is very reasonable and on the whole

case the court does not see that the defendant's substantial rights were prejudiced here. No complaint is made of the instructions and no other error in the admission of testimony is relied on. There was no prejudicial error in refusing to discharge the jury. Belle of Nelson, &c., Co. v. Riggs, 104 Ky. 1; L. & N. R. R. Co. v. Asher, 178 Ky. 67; C. & O. R. R. Co. v. Ryan, 183 Ky. 428.

Judgment affirmed.