## Chambers v. Hawkins.

(Decided February 25, 1930.)

212

R. L. POPE and AYRES & BROUGHTON for appellant.

B. B. SNYDER and W. B. EARLY for appellee.

Opinion of the Court by Commissioner Stanley—Affirming.

On Sunday, October 9, 1927, the appellant, Dr. S. C. Chambers, his wife, her sister, and the latter's husband Felix Gorman, with two children, started from their homes in Jellico, Tenn., to spend the day with relatives in Bell county. Along the way they stopped at the home of the appellee, Mrs. Mary Hawkins, aunt of Mrs. Chambers and Mrs. Gorman, and invited her to accompany them. The automobile in which they were traveling belonged to Dr. Chambers, who drove it on the return trip that afternoon until they reached Corbin, when he had Gorman to take the wheel. The two men and a child were in front, and the three ladies and another child on the rear seat of the car. Shortly after dark, the car proceeded at a speed of 40 to 45 miles an hour to an abrupt, compound curve where the highway crossed the railroad. Because of the speed being maintained, the automobile was not able to negotiate the curve, and ran off the road a considerable distance across the railroad tracks and down an embankment to a sudden stop, resulting in

injuries to Mrs. Hawkins. She sued Dr. Chambers for damages, and recovered judgment against him for $2,000, from which this appeal is prosecuted.

The fact itself proclaims negligence. Cf. Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768. It is supplemented by the evidence of the driver that, although he slackened his speed to 30 or 35 miles an hour, he could not make the curve at that speed, and had failed to observe the situation sooner because the lights on the car did not disclose it. No other reason or excuse is offered for the accident. The driver, Gorman, was operating the car at the request of the owner, who was sitting next to him and in charge of the machine; so the former's negligence must be imputed to the latter, and he must be held responsible. The duty owed the appellee as an invited guest was that of ordinary care to avert and not to create or increase danger. Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342.

It is insisted that the appellee was guilty of contributory negligence, in that she failed to admonish the driver with respect to the speed of the car and the near approach to this curve. It appears that she had lived in its vicinity about twelve years before, and it is claimed that she was therefore more familiar with the dangerous curve than either the appellant or Gorman, who were comparative strangers to it. But it is also shown that when Mrs. Hawkins knew the crossing it was a rough dirt road, and it had since been entirely reconstructed and paved as a part of the Dixie Highway. She was a diminutive, elderly lady, crowded in the back seat of a closed car, riding along in the nighttime, feeling bad and tired, as she says, thinking only about getting home, without any thought of the whereabouts of the car or manner of driving, since she had been assured at the time Gorman took the wheel that he was a good driver.

An invited guest is not to be held responsible for the negligence of the owner of an automobile or his agent. Ray v. Ray, 196 Ky. 579, 245 S. W. 287; Consolidated Coach Corporation v. Saunders, 229 Ky. 284, 17 S. W. (2d) 233. But he may not ignore obvious or imminent dangers when he possesses or has the same opportunity to possess knowledge of them. Ordinarily he may not continue in the car without protest against recklessness or negligence of the one in charge and take no precau-

tion for his own safety, assuming the risk or participating in the negligence, and then maintain that he was without fault. He must exercise ordinary care for his own safety. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957, which is supported by numerous authorities therein cited. See, also, Winston's Adm'r v. City of Henderson, 179 Ky. 222, 200 S. W. 330, L. R. A. 1918C, 646, and Archer v. Bourne, 222 Ky. 268, 300 S. W. 604. What constitutes ordinary care on the part of a guest, of course, depends upon the facts and circumstances of each case. In this case we are not willing to say that "Aunt Mary" (as she is referred to in the record) was guilty of contributory negligence in failing to warn or to make an effort to control the two men in charge of the automobile. We are aware that "back seat driving" is always irritating, often confusing, and seldom helpful, and are not willing to give judicial sanction to that practice under circumstances like those here presented.

Since the negligence of the defendant and his agent was manifest, and no contributory negligence on the part of the plaintiff was shown, the trial court very properly overruled defendant's motion for a directed verdict, and his claim for a reversal of the judgment on that account is denied.

It is insisted that it was prejudicial error to admit testimony of a witness that there had often been wrecks at this point. This was improperly admitted (L. & N. R. Co. v. Loesch, 215 Ky. 452, 284 S. W. 1097, 47 A. L. R. 347); but it cannot be considered prejudicial under the facts of the case.

The plaintiff was asked at whose instance she had gone to Knoxville for a physical examination, and she answered: "It was—what was his name? the insurance man—." Objection was sustained, and the jury promptly and properly admonished. In the absence of something to indicate that there was a deliberate purpose to get before the jury that there was an insurance company involved in the case, such statements cannot be considered prejudicial. Tri-State Refining Co. v. Skaggs, 223 Ky. 731, 4 S. W. (2d) 739; Felder v. Wilbers, 208 Ky. 830, 271 S. W. 1096; Consolidated Coach Corporation v. Hopkins, and Consolidated Coach Corp. v. Saunders, supra.

There is much technical criticism of the instructions. While some of it may be considered as having merit from

the standpoint of exact legal science and procedure, yet a practical consideration, such as the jury of laymen doubtless gave, justifies a decision that the instructions are correct. Indeed, we are not so sure but that a peremptory instruction to find for the plaintiff would have been proper. As suggested, the evidence of negligence on the part of the appellant was clear and uncontradicted; and there was less evidence to warrant the instruction on contributory negligence than appeared in the Saunders case, supra, where it was held not sufficient for such an instruction.

The appellee suffered a bad scalp wound, which has left a scar; her body was cut and bruised in several places; and she was under the care of physicians for several weeks. She had previously done considerable household and other work, including the keeping of boarders, but since the accident her labors have been limited, and at the time of the trial, sixteen months thereafter, she could not stoop over without pain in her back. She suffered much for quite a while, and this has continued. Her weight decreased from 103 to 83 pounds. Two physicians who treated her say, although her condition has improved, they are of the opinion that the weakened condition of her back will probably continue. For the defendant, two doctors who examined her during or just before the trial found some scars, but did not think she had suffered any permanent injury. Under the proven facts, the court is of the opinion that the damages awarded, although liberal, are not so excessive as to warrant a reversal of the judgment.

Judgment affirmed.