## Huls v. Dalzell.

(Decided Dec. 15, 1933.)

GENE LAIR for appellant.

RAYMOND CONNELL and RALPH CONNELL for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

This is a suit brought for personal injuries received by the appellee in a collision between a truck owned by the appellant and driven by his agent and an automobile owned by the appellee's husband and in which she was riding at the time of the accident. On the trial, the appellee recovered a verdict for $1,000, and from the judgment entered on that verdict, this appeal is prosecuted.

Three grounds are relied upon for reversal. First, when one of the witnesses for the appellee was upon the witness stand, appellee's counsel, in eliciting from him his testimony regarding the accident, asked him to describe the truck which collided with the automobile in which the appellee was riding. The witness in response to that question said:

"Well, it had grass seed scattered over the truck. After he (the chauffeur of the truck) hit this machine; after he got loose from it, he backed back and asked what the damage was; said he had insurance."

The appellant at once moved the court to set aside the swearing of the jury and to continue the case. The court overruled the motion but admonished the jury as follows:

"Gentlemen of the jury; the statement of the witness with reference to the driver of the truck making some reference to having insurance is incompetent and an improper statement and should not be considered by the jury as having any bearing upon this case whatever and should not affect your decision in the case in any manner whatever. You may not consider this statement for any purpose whatsoever."

It is conceded that the reference to the insurance by the witness was not brought about by any misconduct on the part of the appellee or her counsel, but was purely a gratuitous statement made by the witness and in response to no question calculated to bring it out. We are of opinion that under these circumstances and in view of the court's admonition, the court did not err in overruling appellant's motion to discharge the jury and continue the case. As said under somewhat

similar circumstances in the case of Chambers **v. Haw-**kins, 233 Ky. 211, 25 S. W. (2d) 363, 364:

> "In the absence of something to indicate that there was a deliberate purpose to get before the jury that there was an insurance company involved in the case, such statements cannot be considered prejudicial."

We are of opinion that the first ground relied upon is without merit.

The second ground relied upon for reversal is the error in refusing an instruction asked for by appellant. At the time of the accident, the automobile in which appellee was riding was in charge of her husband, who was the owner of the car. Although the overwhelming weight of the evidence is to the effect that this automobile was standing still beside the curb and the truck of the appellant in making a left-hand turn into the street where this automobile was parked, ran too close to the automobile and collided with it, yet it is true that the chauffeur in charge of the truck did testify that in making this left-hand turn, he swung wide enough to miss the automobile and it was due to the driver of the automobile letting his car roll into the back end of the truck that the collision occurred. Hence it is that there was a scintilla of evidence to establish contributory negligence on the part of the driver of the car. It is sought to fasten this alleged contributory negligence on the part of the husband upon the appellee on the theory that on the occasion in question she and her husband were engaged in a joint enterprise in the driving of this automobile by reason of which each was the agent of the other and each the principal of the other, and that negligence of one was the negligence of the other. Without stopping to examine the soundness of the legal conclusion of the appellant, if the premise of fact be conceded, we are of the opinion that the contention of appellant must fail because the premise of fact cannot be conceded. There is no evidence that this automobile ride, during which appellee was injured, was a joint enterprise as claimed by the appellant. The proof establishes without contradiction that the car in which appellee was injured was owned by her husband and that on the occasion in question he had invited his wife and her two brothers to go for a ride with him. This is testified to by the appellee and

her brothers. An ambiguous expression on the part of the appellee during her cross-examination is urged as the foundation for the claim that this was a joint enterprise on the part of her and her husband to take her brothers for a ride, but, when read as a whole, her proof discloses that this ride was no joint enterprise but a trip solely in charge of her husband and made at his solicitation.

The last contention is that the verdict is excessive. It must be conceded that it is liberal. But the proof discloses that the appellee, who had never suffered from headaches or nervousness prior to the accident, has been much afflicted with both of these complaints since the accident; that she received a very bad cut upon her forehead at the time of the accident, which knocked her unconscious, and that a scar appears at times since the accident to disfigure her countenance; that she is troubled with nausea and has been unable in large measure to do her work as a housekeeper since the accident. She also received severe contusions on her shoulders, arms, and knees from which she suffered for quite a while, although these contusions later healed up. In the case of Williams et al. v. Schmidt, 213 Ky. 122, 280 S. W. 494, 495, the verdict returned was $1,794. In the accident, Schmidt was knocked unconscious. He was carried to a physician's residence, where his wounds were dressed and then home. He was confined to his home for 21 days and lost 35 days from his work. Prior to the accident, his eyesight was good but since that time, weak. He also received wounds on the left thigh and suffered from shock, but had no fractures. His physician testified that at the time of the trial, Schmidt had recovered from his wounds, although he admitted that he knew nothing of Schmidt's weakened eyesight, but conceded that such condition of the eyes might have been caused by the accident. In holding that the verdict was not excessive, we said:

"It is shown by the evidence that the plaintiff lost 35 days' time, of the value of $294. He was not permanently injured, but he received severe and painful wounds from which he suffered more or less up to the time of the trial, and a scar upon his forehead which may cause him more or less humiliation. While the verdict is liberal, we

are not prepared to say that it is so excessive as to strike the mind at first blush as being the result of passion and prejudice; therefore we are not authorized to set it aside as being excessive."

The instant case with regard to the injuries sustained is quite similar to the Schmidt Case. As in the Schmidt Case, although the verdict is liberal, we cannot say that it is excessive so as to warrant a reversal within the rule. Finding no error, the judgment is affirmed.