## Indian Refining Co. et al. v. Crain.

Oct. 17, 1939.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellants, Indian Refining Company and W. G. Blade, an employee of the company, are appealing from a judgment on a verdict awarding the appellee, Mrs.

Roxie R. Crain, the sum of $2,210 for damages growing out of an automobile collision. Reversal is urged upon the following grounds: (1) misconduct of the appellee's counsel in his closing argument; (2) the verdict is excessive; and (3) error of trial court in refusing to give an instruction offered by the appellants.

The accident in which Mrs. Crain was injured occurred on the Dixie Highway just south of Louisville near Meadowlawn around three o'clock in the afternoon of December 19, 1936. Mrs. Crain was driving toward Louisville. Blade was driving away from Louisville in a car owned by the Refining Company. There were three persons in the car with him. The accident occurred on a straight stretch of road.

Blade's version of the accident is as follows: He saw a car coming toward him in the center of the road. The approaching car was traveling at a high rate of speed and was about 150 feet from him when he first noticed it. In order to avoid colliding with this car he pulled over to the right, thereby causing his two right wheels to travel on the shoulder of the road. The shoulder was soft and caused the car to give toward the ditch. There was a mail box in front of him. He ran along this way for 30 or 40 feet (almost to the mail box) when he attempted to pull his car back on the road. In so doing the car skidded and he lost control of it. His car ran into the appellee's car, thereby causing considerable damage to the left side of it. Mrs. Crain was driving on her side of the road. Her car was partially turned around by the collision but was not turned over. Blade's car proceeded for several feet and ran off the road into the ditch on the left hand side. He was traveling about 35 or 40 miles an hour before he pulled over on the shoulder of the road and was going about 25 miles an hour when his car ran into that of Mrs. Crain.

The three persons riding with Blade testified for the appellants. The witness who was riding on the front seat said that he was looking toward the back of the car and talking with the two men on the back seat just before the accident occurred, and therefore he did not see the car coming ahead of Mrs. Crain's. Otherwise, his testimony supported that of Blade. The testimony of the two witnesses who were riding on the back seat substantiated that of Blade, except that one of them did not recall seeing the mail box. Mrs. Crain testified that

there was no car traveling immediately in front of her at the time of the collision, and that her car turned around at least three times.

The appellee's car was a 1935 Ford V'8. It had cost approximately $700 new. The repair bill amounted to $161.99.

Blade and one of his companions went with Mrs. Crain to a house near the scene of the accident, and later went with her to the home of her daughter in Louisville. She stayed at her daughter's home until the 6th of January, when she went back to her home at Horse Cave. The attending physician said that he treated her on the day of the accident and several times thereafter, the last time being shortly before the commencement of the trial. According to his testimony, Mrs. Crain had suffered injuries to her body, limbs, the sacro iliac joint, and the coccyx bone. No bones were broken. The physician testified further that he did not think her injuries were permanent. Mrs. Crain testified that she was confined to her home in Horse Cave for approximately 12 months and that whereas she had done her own washing and housework prior to the accident, she was not able to do such work thereafter. She was examined by a doctor for the Refining Company. According to his testimony she had several ailments which could have accounted for a part of the nervousness and suffering of which she complained, but which did not result from the accident. This doctor stated that his evidence concerning her ailments and injuries was subjective, that is, was based upon what Mrs. Crain said about them.

A daughter of Mrs. Crain nursed her while she was in Louisville, and later attended her some while she was in Horse Cave. She gave this daughter a note for $200 for her services. Her physician's bill amounted to $100.

The appellants' first complaint is directed toward the following statement which was made by counsel for the appellee during his closing argument to the jury:

"Gentlemen, if you want to take this money from this insurance company, why we would have built up our case. $5,000.00 would not be enough to cover her pain and suffering and she is entitled to compensation for her automobile and expense besides."

When the statement was made counsel for appel-

lants moved the court to set aside the swearing of the jury and to discharge it from further consideration of the case. The court overruled this motion and did not admonish the jury. In overruling appellants' motion for a new trial the court said:

"The Court, in view of the circumstances under which the statement of counsel for plaintiff was made, and of the fact that the amount found in ver- dict was not so large as to indicate any passion or prejudice, or that the jury in any way considered such statement in finding its verdict. In view of the evidence the verdict was amply supported."

Counsel for the appellee filed his affidavit in which he set forth that he had not knowingly used the words "Insurance Company" and that he had meant to say "Indian Company." In his brief he emphasizes the fact that the Indian Refining Company is a large cor- poration, and says that whether it did or did not have insurance could have no bearing on the jury's decision.

In the case of Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. (2d) 772, it was pointed out that we are reluc- tant to interfere with the discretion of the trial judge in refusing or granting a new trial, and that we will do so only in exceptional cases. We have reached the con- clusion that the case at bar falls in the class of excep- tional cases. While we do not deem it necessary to determine whether or not the verdict of $2,210 was ex- cessive, it was certainly a very substantial one, in view of the evidence.

We have repeatedly condemned the injection of the question of insurance into a case of the type before us. See Helton v. Prater's Adm'r, 272 Ky. 574, 114 S. W. (2d) 1120, and Star Furniture Company v. Holland, 273 Ky. 617, 117 S. W. (2d) 603, and cases cited therein. The injection of the insurance question into the case and the size of the verdict lead us to the conclusion that the court erred in refusing to grant the appellants a new trial.

We have noted that the appellants complained as to the instructions given by the court. Suffice it to say that we are of the opinion that the instructions were not prejudicial to them.

Wherefore, for the reasons given herein, the judg- ment is reversed with directions for proceedings con- sistent with this opinion.