## Nickell v. Stewart.

June 2, 1942.

J. W. McKenzie for appellant.
A. W. Mann for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mrs. Lutie D. Nickell appeals from a judgment for $2,000 against her in favor of Peggy Jean Stewart for personal injuries sustained by being run over by the appellant's automobile.

The appellee, who was then a little over seven years of age, ran out between parked automobiles into the road through the city park, in Ashland, on a Sunday afternoon in August, 1939. According to the child, the bumper of the defendant's car struck her and a front wheel passed over her leg and broke it. Her father testified that he saw the car when it was from four to six feet from the child and called to her to look out. She stepped back but was struck by the machine. All witnesses agree that the car was running about 10 to 15 miles an hour. The father, who had experience in driving automobiles, expressed the opinion that it could have been stopped within five feet and have avoided striking the child. He and several other witnesses testified that at the hospital, where the child was taken and Mrs. Nickell and her companion, Mrs. Joe Bates, went, Mrs. Nickell told the doctor to spare no expense in treating the injured child, and stated that the accident was her fault. Some of them testified that she said she did not see the child because she was looking over into the park. Also that Mrs. Bates, in her hearing, made the same statement as to what Mrs. Nickell was doing.

The defendant and Mrs. Bates denied that Mrs. Nickell made any of the statements attributed to her. Mrs. Bates testified that it was she who said that she was looking over into the park. The two ladies contended that Mrs. Nickell was keeping a proper lookout and that the little girl ran out suddenly between the parked cars into the right side of the automobile and fell beneath it so that a back wheel passed over her leg. The car was stopped within four or five feet of the prostrate child. Mrs. Frank Meade, a stranger to all parties, was sitting in a parked car and had a clear vision of the accident. She corroborated the defendant and Mrs. Bates. All three of the ladies testified that shortly afterward they saw prints of a child's hands on the right front fender just back of the front wheel. However, there had been a number of people gathered around the machine before this was observed.

We conclude the evidence was sufficient to sustain the verdict. Also, that there was no error in the admission of evidence as the appellant contends.

The first instruction submitted the duties of the defendant and predicated her liability upon a failure to observe them. It concluded that if the jury believed there was a failure, "you should find for the plaintiff, and unless you so believe from the evidence you should find for the defendant." The second instruction submitted the defense of sudden appearance. Appellant contends that the converse at the end of the first instruction should have read: "you should find for the plaintiff, and unless you so believe from the evidence, or if you should believe as in Instruction No. 2, you should find for the defendant."

Many instructions carry the converse limited to the particular one which it concludes. Others submit the converse by referring also to a specific defense instruction, such as that of contributory negligence, or, as in the instant case, sudden appearance of a child. The former class of instructions are not erroneous because all instructions are read together and construed as a whole. A specific reference to other instructions submitting affirmative defenses is obviously more definite and probably clearer and better. But a failure to make the reference cannot be regarded as a prejudicial error.

On cross-examination the defendant's attorney asked the father of the child, who sued as her next friend, this question: "You say now that Mrs. Nickell spoke to Dr. Sparks and said that it was her fault?" He answered: "She said that she was amply covered; she may not have said it in these words but that was the substance of it."

The defendant's motion to set aside the swearing of the jury and continue the case and another to admonish the jury to disregard the statement were overruled and proper exceptions saved. The answer of the witness clearly was not responsive to the question, and seems to have been deliberately made for the purpose of informing the jury that the defendant was protected by indemnifying insurance. The plaintiff's attorney made this statement in his argument:

"The defendant right after the accident occurred had a kind heart and wanted the child com-

pensated, but apparently she has now had a change of heart, although, if the truth were known, she wants this child compensated, but they don't."

The jury undoubtedly understood the apparent purpose of the witness and the covert argument of the counsel and may have been influenced by the knowledge that the defendant, against whom the judgment would go, was amply covered and would not have to pay anything herself. Some of our cases have regarded the introduction of this matter in a disguised way or perhaps innocently as not constituting reversible error. But this is a close case on the facts, with the better evidence supporting the defendant's contention as to how the accident occurred. We consider the reference to the insurance coverage as requiring a reversal of the judgment that the defendant may have another trial without the poisonous matter being injected into the case. Star Furniture Company v. Holland, 273 Ky. 617, 117 S. W. (2d) 603; Stott v. Hinkle, 286 Ky. 143, 150 S. W. (2d) 655.

The judgment is reversed.