## Williams et al. v. Balmut

Oct. 3, 1944.

David C. Hunter, I. Jay Miller and Matt T. Blackard for appellants.

Keenon & Odear for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellee, Charles Balmut, and his wife, Louise Balmut, were injured when their car, being driven by Mr. Balmut at a moderate rate of speed, was struck by a truck owned by appellant, Black Star Coal Company, and being operated by its agent, employee, and coappellant, Lucian Williams, at a speed of approximately 75 miles per hour. The Balmuts were traveling in an easterly direction, Williams in a westerly direction; the collision occurred on the south (Balmut's) lane of U. S. Highway No. 60 in Woodford County, between Frankfort and Versailles.

Separate actions were instituted against appellants by the Balmuts. The opinion on the appeal in Mrs. Balmut's case, simultaneously rendered with this opinion, is styled Lucian Williams et al. v. Charles Balmut, Administrator of the Estate of Louise Balmut, Deceased, and is published in 298 Ky. 249, 182 S. W. 2d 776. The jury returned a verdict in favor of Mr. Balmut in the amount of $3,531.20, and judgment was entered accordingly. Reversal is sought on the grounds, (1) that the Court erred in his instructions to the jury; and (2) the award for damages is excessive.

The first instruction complained of concerns the measure of damages, and was given to the jury as follows:

"If you find for the plaintiff Charles Balmut, you should award him such a sum as will fairly and reasonably compensate him for the time lost by him, if any, by reason of his injuries, if any, or which it will be reasonably certain he will hereafter lose as a direct result of said injuries, not exceeding $450.00 and you will also award him such a sum in money as represents the difference, if any, between the fair and reasonable market value of the automobile referred to in the evidence immediately before said collision and its fair and reasonable market value immediately after said collision, your finding on this item not to exceed the sum of $250.00 and you will also award him such a sum as will fairly and reasonably compensate him for his hospital and doctor bills and other expenses incurred as a result of the injuries sustained, not to exceed $56.20, and also a fair compensation for the physical and mental suffering, if any, endured by him or that is reasonably certain that he will endure as a direct result of his injuries, if any, not exceeding in all $15,756.20, the sum claimed in his petition."

The complaint in respect to this instruction is, (1) the evidence did not authorize instructing the jury to find for appellee for loss of time; and (2) the evidence did not authorize the Court to permit the jury to find any sum for physical and mental suffering to be endured by appellee in the future. Consideration of these questions requires a brief resume of the evidence in respect to the injuries received by appellee, and his physical condition prior to the accident. Dr. Blackburn testified that, upon his examination of Mr. Balmut im-

mediately after the accident, he found a laceration of the scalp; several bruises on the face, nose, and arms; contusions and lacerations on the arms and hands; the patient was nervous and shaken. Dr. Guerrant, appellee's family physician, testified that Mr. Balmut called at his office March 17, 1942, twelve days after the accident. There was a large scar on the scalp, which appeared to be healing well; there were scars on both hands and both legs in the neighborhood of the knees; there was soreness in the region of the scalp, neck, shoulders, hands, and legs. The Doctor dressed the wounds on the hands and legs; the scalp required no treatment. He advised the patient not to take any unusual exercise, and to get as much rest as possible. He stated that the injuries at that time were sufficiently extensive to limit the patient in his occupation, and to confine him to his home for convalesence for a month or two. Appellee visited him on four occasions thereafter until the time of the taking of his deposition, which was May 27, 1942. The witness testified that injuries of the type suffered by Mr. Balmut sometimes may continue for several months before recovery is effected. Mr. Balmut and his lay witnesses testified that he was unable to work for three months after the collision, part of which time he was confined to his bed, and all of which time he was confined to his home. That he suffered severely for the first few months, after which the suffering gradually decreased, although it had not disappeared at the time of the trial, which was had November 3, 1943, one year and eight months after the happening of the accident. For many years previous to the accident, Mr. Balmut had been suffering from asthmatic bronchitis and high blood pressure, and had been advised to rest. During that period of time he had been under the care of Dr. Guerrant, who testified that, irrespective of the injuries received in the accident, he would have advised Mr. Balmut to rest on account of his organic trouble. Mr. Balmut had engaged in no work at any time from the year 1938 to the time of the accident, and for three months thereafter. At the expiration of three months following the accident, Mr. Balmut's son, who had been engaged in his father's shoe repair business, was inducted into the United States Army; whereupon, Mr. Balmut himself took over the business and actively engaged therein. It was shown that the earnings of the business when operated by the son previous

to the accident were approximately the same as the earnings under the operation of Mr. Balmut, commencing three months after the accident. There is no showing that Mr. Balmut would have engaged in his business at any time prior to the time of the induction of his son into the Army; and, since he had not thus engaged for several years previous to the accident, it is unreasonable to suppose that the accident was the cause of his not engaging in the business after the accident but previous to his son's induction. That being true, we are of the opinion the Court erred in instructing the jury that it might find for him for loss of time resulting from his injuries. For this reason, the judgment must be reversed.

Complaint is made concerning the proper converse in the instruction which permitted the jury to find for the plaintiff. The jury was instructed under what circumstances it could find for the plaintiff, and the Court followed the instruction with the words, "unless you so believe you will find for the defendants". It is contended that the quoted words do not constitute a proper converse, because, under the instructions, although the jury should be of the opinion that the defendants were negligent, nevertheless, it was their duty to find for the defendants if they believed that the plaintiffs were guilty of contributory negligence under Instruction No. 3A, or that the defendants were entitled to recover under the instruction setting forth their theory under the counter-claim. While the converse to the instruction complained of would have been in better form, had it recited, "but unless you so believe, you will find for the defendants; or, if you find for the defendants under either Instruction No. 3A or Instruction No. 4A, you should likewise find for the defendants under this instruction"; the converse, as given, was not prejudicial to the substantial rights of appellants, for the reasons given in Nickell v. Stewart, 291 Ky. 4, 163 S. W. 2d 39. Therein it was pointed out that some instructions limit converses to the facts related in a particular instruction; others extend converses by reference to instruction setting forth affirmative defenses. The latter are more definite, clearer, and are in better form; but failure to so extend the converse cannot be regarded as prejudicial error.

The second complaint in respect to the instruction is without merit. It is based upon the contention that no

witness testified that Mr. Balmut would endure any pain or suffering in the future. There was testimony that Mr. Balmut continuously suffered from his injuries to the date of the trial; this testimony was sufficient to submit to the jury the question of probable future pain and suffering.

Since the judgment must be reversed for the reason hereinbefore recited, and the verdict may not be the same on the next trial, we deem it unnecessary to discuss the question of the contention that the verdict is excessive.

The judgment is reversed, for proceedings consistent with this opinion.