## Kaufman-Straus Co. v. Short.

September 30, 1949.

Edward J. Hogan for appellant.

J. Walter Clements for appellee.

STANLEY, COMMISSIONER—Reversing.

The question is whether a gratuitous, reckless statement of a witness was so damaging as to have required a declaration of mistrial.

The appellee, Mrs. Susan Elizabeth Short, fell in the appellant's store and suffered a serious fracture of her leg. Her proof is that the operator did not stop an elevator flush with the floor but two or three inches above it. When her exit was invited by opening the door, this unlooked for step caused her to fall.

During the trial of appellee's suit for damages her attorney stated and asked her attending surgeon: "She said you sent her a bill when you dismissed her from the hospital for a hundred and fifty dollars; and have seen her several times since that. Would there be additional charges for that?" The witness replied: "If Mrs. Short was having to pay that out of her own pocket, wasn't getting it from the insurance company or somebody else, I might give her the hundred and fifty dollars. The insurance company has got a lot of money; we try to add up to them once in a while." The defendant's attor-

ney immediately asked for a conference in chambers. He moved the court to discharge the jury and declare a mistrial. Plaintiff's attorney objected and moved the court to admonish the jury not to consider the answer. The court overruled both motions. He expressed the opinion that an admonition would only emphasize the statement.

The appellee seeks refuge in the claim that defendant's counsel waived the impropriety of the doctor's answer by failing to object to it and to take steps to have it withdrawn. The objection is implicit in the motion to discharge the jury. There was more than a waiver of the right to an admonition. There was an objection to it. The defendant confined his right to the extreme motion to declare a mistrial. The question we have, therefore, is not error in omitting an admonition; it is whether the voluntary statement of the witness is to be deemed so prejudicial as to require a reversal of the judgment because of the ruling of the court upon the defendant's restricted motion.

Citation of authority is scarcely necessary to support the universal concept of justice that a case should be tried on its merits without reference to a fact or suggestion of fact that the defendant will be indemnified by an insurance company or without the injection of any other factor calculated to create unfairness or incite prejudice, whether it be social, racial, political or financial.

The appellee relies upon cases holding that where a witness gratuitously refers to an insurance company or agent, apparently innocently and without a suggestion or other indication of misconduct on the part of the plaintiff or his attorney, such a statement will be deemed not prejudicial. Huls v. Dalzell, 252 Ky. 13, 66 S. W. 2d 28, is typical.

The statement in this case was not responsive and probably innocently made. But it far transcends the casual and insignificant. It was made by a professional man of undoubted standing. It indirectly expressed the opinion the plaintiff ought to recover, and would recover, special damages. It did not stop with directing the spot light upon the fact that payment of any damages awarded would not be borne by the defendant but by an insurance company—so often regarded as "fair game."

It added the inflammatory statement that it "has got a lot of money." It told the jury that, "We try to add up to them (insurance companies) once in a while," and thereby planted the idea that the jury should follow that example. It seems to have done so.

The jury returned a verdict for $10,516.50, the full amount prayed for by the plaintiff and permitted by the instructions.

This voluntary statement by the witness is, of course, unfortunate. It may not have been made for the purpose of influencing the jury, but we are strongly of the opinion that it had that effect, and that a mistrial should have been ordered or at least a new trial granted after the effect was manifested by the verdict.

Both parties have filed printed briefs, but only two or three copies each. It seems well to direct attention to the rule of court that a party submitting printed briefs is required to file twelve copies with the record. Rule 1.330. The rule exists not only for the convenience of the court, but for the better consideration of the case which a printed brief in the hands of each judge and commissioner tends to afford.

The judgment is reversed.