232 S.W.2d 1006 (1950)
TURNER et al.
v.
SMITH.
Court of Appeals of Kentucky.
June 20, 1950.
Rehearing Denied October 31, 1950.
*1007 W. E. Faulkner, Hazard, C. A. Noble, Hazard, for appellants.
Don A. Ward, Hazard, for appellee.
CAMMACK, Justice.
Norman Smith instituted this action against John Gross and Paul Turner and the Standard Accident Insurance Company, surety on Turner's bond, to recover damages for personal injuries which he alleged he sustained when he was arrested by Gross and Turner, policemen of the City of Hazard. Gross had been on the police force only a few days and had not executed bond. The action against him was dismissed at the conclusion of Smith's evidence. The appeal is from a $500 judgment against Turner and the Insurance Company.
We are asked to reverse the judgment on the grounds that (1) there was not sufficient evidence to take the case to the jury; (2) the court erred in refusing to permit the introduction of certain evidence; and (3) it was improper to permit Smith's counsel to identify the defendant, Standard Accident Insurance Company, in his opening statement to the jury.
According to Smith's testimony, Turner and Gross and two other policemen arrested him in a restaurant in Hazard without provocation. He was severely beaten at the jail and was refused medical attention until the next day. The story of the officers was that Smith was drunk when he was arrested and that he fell and cut his head as he was going up the steps to the jail. The officers said that Smith was not manhandled and was not refused medical attention. Clearly, the question was one for the jury.
When he was asked to tell what happened leading up to his arrest, Smith said that he had stopped at a roadhouse on First Creek Mountain. While there he drank some beer and whiskey. He had *1008 a .32 caliber pistol under his belt. When he started to lay the gun on the seat of his car it went off. Ernest Pendergrass drove his car away about that time. He did not see Pendergrass until the next day. When Pendergrass was put on the stand to give his version of what happened at the road-house, the court refused to permit his testimony to be introduced on the ground that the evidence was not pertinent unless it was intended to show drunkenness, and that the questions were not properly framed for that purpose. In his avowal Pendergrass said Smith came out of the roadhouse and took his pistol out of his pocket. He pointed the pistol with both hands toward his (Pendergrass') car and fired it. The shot went through the windshield, struck the steering wheel, then went through Pendergrass' jacket and a package of cigarettes before it hit his chest. By that time the bullet was spent and merely bruised him. Smiths' car passed him as he went toward Hazard. When Pendergrass reached Hazard he had the police alerted to be on the lookout for Smith. Pendergrass said also that, when he visited Smith in jail next day, Smith told him he did not know that he had shot him. The appellants contend that Pendergrass' testimony was competent. The argument is made that, if Smith did not know what happened at the road-house only a short time before he was arrested in Hazard, it would have a bearing on the credibility of his testimony as to what happened after his arrest. We think the evidence was admissible. It was Smith who introduced the subject of his actions at the roadhouse. The opposing side should have been permitted to give their version of what transpired at that time. The evidence was both relevant and material.
In Shannon v. Kinney, 1 A. K. Marsh. 3, 10 Am.Dec. 705, the rule is set out that, to sustain an objection to evidence on the sole ground that it is irrelevant, the evidence should appear to be so beyond all doubt, but that if the competency of the evidence is doubtful, it should be admitted. See also Marshall v. Marshall's Adm'r, 51 Ky. 459, 12 B. Mon. 459; Louisville R. Co. v. Ellerhorst, 129 Ky. 142, 110 S.W. 823; Wilson v. Wilson, 174 Ky. 771, 193 S.W. 7.
The insurance question was injected into the case in rather a novel manner. The Insurance Company was made a party defendant. It filed a separate answer admitting that it was surety on Turner's bond. It stated that its liability to Smith would depend solely on the facts developed in connection with the issues raised between Smith and Turner, and upon the outcome of that trial. It stated further that, after the trial and determination of those issues, the court would be able to render judgment respecting its liability. In his opening statement counsel for Smith said the Insurance Company had been made a party defendant because it was surety on Turner's bond, and that Turner was the only defendant under bond. Before he instructed the jury the trial judge told them that the case had been dismissed as to John Gross, and that: "* * * We are trying it only as against Paul Turner, felt that you should know that the court has not been asked to do so, but upon his own motion will give you a little admonition about the statement made to you by the attorneys both by the plaintiff and defendant in their opening statement. The attorney for the plaintiff made a statement about a Bonding Company being involved in this action that statement was irrelevant, you are not to consider it in your deliberations. * * *" Counsel for the Insurance Company objected to the remarks made by Smith's counsel during the opening statement and moved to set aside the swearing of the jury and to continue the case. This objection was overruled.
It is the contention of the Insurance Company that, since there was no issue of fact to be tried between it and Smith because it had admitted liability, if Turner were found liable, it was prejudicial to point out to the jury that it was a party defendant. The point is made also that the statement of the trial judge at the conclusion of the case aggravated rather than lessened the prejudicial effect of the opening statements of Smith's counsel. Significance is attributed also to the fact that the case as to Gross, who had not *1009 executed bond, was dismissed on Smith's own motion.
Pleadings may be shown or read to the jury to throw light on the facts of a case. This was not necessary in the case at bar, however, insofar as the Insurance Company was concerned, because there was no issue of fact between it and Smith.
In the case of Romans v. McGinnis, 156 Ky. 205, 160 S.W. 928, a policeman and the Insurance Company on his bond were made parties defendant. No complaint was made about letting the jury know that the Insurance Company would be liable if the policeman was found guilty of an alleged assault. The judgment was reversed because the liability of the surety was submitted to the jury and its verdict was incomprehensible. It was pointed out that there was no question for the jury as to the surety's liability, that being fixed by law, and that the jury should have returned a verdict and the court should then have ordered a recovery from the surety. We have frequently condemned the injection of a question of insurance into a case. Trevillian v. Boswell, 241 Ky. 237, 43 S.W. 2d 715. We can not escape the conclusion that the insurance question was injected into this case in such a manner as to constitute a prejudicial error.
For the reasons given the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.