**TERMINAL TRANSPORT COMPANY,**
Appellant,

v.

**John P. BERRY, Appellee.**

**No. 12027.**

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1954.

John L. Davis, Lexington, Ky., for appellant.

Armer H. Mahan, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellee, John P. Berry, instituted this action in the District Court to recover damages for personal injuries resulting from an automobile accident on February 18, 1952 on U. S. Highway No. 31W near Upton, Kentucky. The petition alleged negligence in the operation of a truck of the appellant, Terminal Transport Company, as the cause of the accident. In view of the nature of the questions raised on appeal, it is unnecessary to give the details of the accident. The jury returned a verdict in his favor in the sum of $13,500. Appellant's motion for a new trial was overruled and judgment was rendered for appellee in the sum of $5,600, and in favor of the intervening petitioner Lloyd's London in the sum of $7,900. This appeal followed.

William C. Gray, a witness for the appellee, who operated a place of business in Upton, was asked on direct examination by appellee's counsel—"Did you examine the sidewalk on the other side of the street," to which he answered, "I did after their insurance man came up and asked me to help measure it." This was followed by an off the record discussion between Court and counsel at which time the appellant made a motion to set aside the swearing of the jury, which the Court overruled. A little later on cross-examination, the witness was asked by appellant's counsel how far back of the intersection certain skid marks started, to which the witness answered that he judged it about 125 to 150 feet back. Then came the following question and answer:

"Q. Didn't you step it off as 43 steps? A. I didn't step it—now, your insurance man done that."

This was followed by an off the record conversation between Court and counsel and appellant again renewed its motion to set aside the swearing of the jury, which the Court overruled. Appellant contends that the District Judge committed reversible error in overruling these motions.

Appellant relies upon a well established rule in Kentucky that it is reversible error to permit the jury to hear and consider testimony to the effect that a defendant in a personal injury suit is protected by indemnity insurance. There are many cases stating and applying this general rule. Trevillian v. Boswell, 241 Ky. 237, 43 S.W.2d 715; Star Furniture Co. v. Holland, 273 Ky. 617, 117 S.W.2d 603; Indian Refining Co. v. Crain, 280 Ky. 112, 132 S.W.2d 750; Stott v. Hinkle, 286 Ky. 143, 150 S.W.2d 655; Nickell v. Stewart, 291 Ky. 4, 163 S.W.2d 39; Kaufman-Strauss Co. v. Short, 311 Ky. 78, 223 S.W.2d 367; Turner v. Smith, 313 Ky. 635, 232 S.W. 2d 1006; Bybee v. Shanks, Ky., 253 S.W. 2d 257. See Ideal Pure Milk Co. v. Whitaker, Ky., 243 S.W.2d 479; Maddox v. Grauman, Ky., 265 S.W.2d 939, 942, decided March 12, 1954.

However, as appellee points out, the rule is by no means absolute, and it is as equally well settled that under certain conditions a reference to liability insurance will not be deemed prejudicial and will not require the trial judge to set aside the swearing of the jury. Felder v. Wilbers, 208 Ky. 830, 271 S.W. 1096; Consolidated Coach Corp. v. Hop-

kins, 228 Ky. 184, 14 S.W.2d 768; Consolidated Coach Corp. v. Saunders, 229 Ky. 284, 17 S.W.2d 233; Chambers v. Hawkins, 233 Ky. 211, 25 S.W.2d 363; Hedger v. Davis, 236 Ky. 432, 33 S.W. 2d 310; Gayheart v. Smith, 240 Ky. 596, 42 S.W.2d 877; Heil v. Seidel, 249 Ky. 314, 60 S.W.2d 626; Huls v. Dalzell, 252 Ky. 13, 66 S.W.2d 28; Marsee v. Johnson, 260 Ky. 615, 86 S.W.2d 299; Rose v. Edmonds, 271 Ky. 36, 111 S.W.2d 427, 431.

■ A statement of the rule and the exception to it is given in Rose v. Edmonds, supra, as follows: "It is true that we have held in a number of cases that it is prejudicial error to permit plaintiff in such actions to place before the jury the fact that defendant carried indemnity insurance; and, whenever such facts are intentionally injected into the case in a manner evidencing a bad faith purpose on the part of plaintiff, we have uniformly held that he would not be entitled to the fruits of that purpose, and that any judgment obtained would be set aside for that reason. But on the other hand, we have held that when the fact of the existence of such indemnity insurance is inadvertently injected into the case in the absence of bad faith, with no purpose to profit thereby, the error will be regarded as not prejudicial, and especially so when due objection is made thereto and the court excludes its consideration from the jury. Such exclusion would, no doubt, have been made in this case had steps been taken to procure it." In most of the cases above referred to, where the judgment was reversed, the reference to insurance was a deliberate one by plaintiff's counsel in his argument to the jury. In Kaufman-Straus Co., supra, the reference by the doctor-witness was obviously deliberate and calculated to influence the jury. In the cases above referred to, where the reference to insurance was not considered prejudicial, and the judgment was affirmed, the reference was usually a casual, inadvertent one, not sought for by plaintiff's counsel, or was one that was responsive to a question asked by defendant's counsel.

■ We are of the opinion that this case falls within the exception to the rule as shown by the cases above referred to. The questions by appellee's counsel did not call for any reference to "their insurance man," and such a reference by the witness was gratuitous on his part. See Heil v. Seidel, supra; Chambers v. Hawkins, supra. The reference to "your insurance man" on cross-examination was justified by the incorrect leading question asked by appellant's counsel, which the witness denied and then gave the correct facts. See Rose v. Edmonds, supra. As pointed out in Hedger v. Davis, supra, when an insurance company carrying a risk puts its representative in contact with the plaintiff or witnesses for the plaintiff in preparing for defense, it is not unreasonable to expect that fact to come out in a full development of the case before the jury. The Court should be alert to detect any intentional injection of the fact of insurance into the case, even though carefully camouflaged. Bybee v. Shanks, supra; Ideal Pure Milk Co. v. Whitaker, supra. But the present record does not convince us of any such intention on the part of appellee's counsel, or that the statements complained of are such as to require the setting aside of the swearing of the jury in order to protect appellant's rights.

■ In a number of the cases herein cited, the trial judge sustained an objection to the answer and admonished the jury not to consider it. That was not done in the present case. But it was not requested by appellant. Ideal Pure Milk Co. v. Whitaker, supra, 243 S.W.2d 479, 480; Rose v. Edmonds, supra, 271 Ky. 36, 44, 111 S.W.2d 427. It is a question of trial tactics whether a defendant prefers such an admonition to the jury or to overlook the incident. As stated in Consolidated Coach Corp. v. Hopkins, supra, 228 Ky. 184, 194, 14 S.W. 2d 768, 773: "Had the court sustained the motion and admonished the jury, it is

likely emphasis and prominence would have been given to it and greater damage done appellant than letting it alone." In Turner v. Smith, supra, 313 Ky. 635, 639, 232 S.W.2d 1006, the appellant's attorney made the point that the unrequested admonition of the trial judge aggravated rather than lessened the prejudicial effect of the improper reference to insurance. If the admonition is not requested by the defendant, we think it is not error to omit it in a case like the present one.

In submitting the case to the jury, the District Judge on the question of damages, authorized a recovery for the damage to appellee's tractor, for lost wages, for pain or suffering, "and such further amount not exceeding $500 as you think would fairly and reasonably compensate him on account of the loss of the use of a tractor like and similar to this tractor for a period of not exceeding two weeks following the accident." Appellant complains of that portion of the instruction dealing with loss of use, contending that the maximum amount of $500 authorized was not supported by the evidence, was accordingly erroneous, and requires a reversal. Harlan Fruit Co. v. Kilbourne, 280 Ky. 511, 516, 133 S.W.2d 730; J. N. Youngblood Truck Lines v. Hatfield, 304 Ky. 600, 608, 201 S.W.2d 567.

The evidence on this item was very brief. Appellee was asked on direct examination what was the reasonable rental value at the time of the accident of a like or similar unit to the one that was destroyed, to which he answered—"They rent them out by the mile, ten cents a mile, and they furnish everything, driver and fuel, all of it." Appellant's argument is that under the above evidence ten cents per mile was the gross rental and since the evidence also showed that appellee was paying truck drivers 5.7 cents per mile wages, this amount, in addition to the cost of fuel, about which there was no evidence, should be deducted from the ten cents per mile to determine the net cost to the appellee. On this basis the net cost was less than 4.3 cent per mile which would make a total maximum recovery of something less than $258 for the two weeks' period. This contention overlooks the additional testimony of appellee which followed immediately after the answer above referred to.

"Q. They rent it at ten cents a mile and furnish everything, that is ten cents net per mile? A. That's right, * * * (remainder of answer stricken as being hearsay).

"Q. What was the average mileage per week that vehicle was being driven? A. Three thousand miles.

"Q. Therefore, two thousand at ten cents net per mile would be $200? A. I said three thousand miles.

"Q. Then it would be $300 per week and it took two weeks to make the adaptations? A. Yes."

This evidence twice refers to ten cents net per mile. Whether the witness meant it was ten cents gross or ten cents net was not resolved by any further questioning or by the testimony of any other witness. The net effect of this apparently conflicting testimony was for the jury to decide. State v. Coomer, 105 Vt. 175, 163 A. 585, 94 A.L.R. 1038, 1040. Compare Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882. The District Judge gave the usual instruction that disputes in the testimony were to be resolved by the jury. Appellant had the opportunity to argue this factual issue to the jury. We are of the opinion that the instruction complained of was not prejudicial.

The judgment is affirmed.

SIMONS, Chief Judge (concurring).

The protection afforded by insurance against damages resulting from the operation of motor vehicles is now so universally sought, especially by the operators of commercial vehicles on the highways, that a court may take judicial notice of this prevailing practice and the knowledge of it by jurors, even in the absence of a reference to an insurance carrier at the trial. My view is that a mistrial should never be granted because of

such information there disclosed on the ground that it was prejudicial, except, perhaps, in those cases where the disclosure was manifestly an appeal to passion or prejudice deliberately injected by the plaintiff.