**Betty TURNER, Appellant,**

v.

**GREER BROTHERS & YOUNG, INC.,**
**Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

William H. McCann, Brown, Sledd & McCann, Lexington, for appellant.

John W. Morgan, Allen, Duncan, Duncan & Arnold, Lexington, for appellee.

IRA D. SMITH, Special Commissioner.

On this appeal from a verdict and judgment denying a claim for damages appellant Betty Turner is seeking a new trial. The only question presented for the Court's determination is whether certain testimony concerning other automobile accidents was admissible.

In December, 1963 at approximately 7:00 P.M. Betty Turner and her husband, Chester Turner, were driving to Winchester. Appellee, a construction company, had been widening U.S. 60 near its intersection with I–75 in Fayette County. The Turner car ran into a traffic island and appellant was injured. Upon the question of the contractor's negligence, that is, whether appellee exercised ordinary care in giving motorists notice of the dangerous condition at the construction site, the verdict was for appellee.

Appellant contends that the trial court erred in excluding testimony which she offered regarding other accidents occurring several days prior to, but at the same place as the one involved in the present lawsuit. We have examined the authorities cited by the appellant and while there might be certain exceptions to the rule they are not applicable here and the decisions in the cases of Louisville & N. R. R. Co. v. Loesch, 215 Ky. 452, 284 S.W. 1097, 47 A.L.R. 347, and Chambers v. Hawkins, 233 Ky. 211, 25 S.W. 2d 363 are controlling. We do not think that the Court has ever departed from the rule announced in the Loesch case where it was stated:

"Accidents may and do happen frequently in unaccountable ways, and the facts and circumstances in any two of them are rarely identical, or approximately so; the facts and circumstances leading up to one accident at the same place as another can rarely furnish any light upon an investigation of what caused the other accident. The general rule therefore seems to be that evidence of a previous accident at the same place is incompetent upon the investigation of the cause of a subsequent one. * * *."

The real issue for the jury to determine was whether or not appellee exercised reasonable care to warn motorists of the condition of the construction site at the time its agents and employees left the work on Saturday night, November 30, 1963. We do not think that the trial court's ruling on

the admissibility of testimony seriously prejudiced the plaintiff. It appears to us that the case was fairly tried and that negligence or non-negligence of appellee was determined on the facts existing at the time of the accident.

The judgment is affirmed.