## Burkhead v. Pennsylvania R. Co.

(Decided Dec. 13, 1938.)

ROBERT E. HOGAN and LUTHER M. ROBERTS for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The facts in this case are very similar to those in Louisville & Nashville Railroad Company v. Mischel's Adm'x, 272 Ky. 295, 114 S. W. (2d) 115, and the Chesapeake & Ohio Railway Company v. Switzer, 275 Ky. 834, 122 S. W. (2d) 967, this day decided.

The appellant, Everett Burkhead was injured on November 12, 1935, when the automobile which he was driving collided with a freight car standing on a street crossing in the city of Louisville. The collision occurred about 10:30 p. m. Appellant was traveling in a northerly direction along Fifteenth street at a speed, according to his testimony, of about 15 miles an hour. The appellee, Pennsylvania Railroad Company, was switching freight cars on its track which crossed Fifteenth street near Arbegust street, and the crossing, at the time the collision occurred, was occupied by a freight car 40 feet long and 12 feet high. The car had been standing on the crossing only a short time. An overhead street light was located a few feet from the crossing. Fifteenth street was straight for a distance of approximately one-half mile south of the crossing, and was without obstructions. Appellant testified that his car was equipped with adequate brakes and with lights which would reveal objects 200 or 250 feet ahead of it. He had traveled frequently along Fifteenth street for several years, and was thoroughly familiar with the street and crossing. He operated a grocery store in the vicinity, and had passed over the crossing a few minutes earlier on the way to the home of one of his clerks. He sought to recover damages from the appellee in the sum of $5,790, for personal injuries suffered by him and the value of his automobile, which was completely demolished.

At the conclusion of plaintiff's evidence, the court peremptorily instructed the jury to find for the defendant. It is appellant's contention that it was the duty of the railroad company, under the circumstances, to warn travelers on the street of the presence of the freight car on the crossing. In Chesapeake & O. R. Co. v. Switzer,

supra, we held that ordinarily the presence of a train on a grade crossing is sufficient warning of danger to a traveler on the highway. Appellee argues, however, that appellant was guilty of actionable negligence because it violated two ordinances of the city of Louisville; one requiring the bell of the engine to be rung constantly while the train was moving in the city, and the other requiring all railroads to maintain stop signs visible by day and night at all crossings not protected by gates, watchmen, or some mechanical device.

The purpose of signals at a railroad crossing is to warn travelers on the highway of the danger of an approaching train. The ordinance requiring the bell to be rung applies only to a moving train. The car with which appellant's car collided was not in movement within the meaning of the ordinance. Furthermore, the switching engine was around a curve and seven or eight car lengths from the car on the crossing. Likewise, crossing signs are intended only to give notice of the presence of a railroad crossing, and to protect the traveler against approaching trains. Appellant admitted that he knew of the presence of the crossing, and, as was said in Louisville & Nashville Railroad Company v. Foster, 230 Ky. 157, 18 S. W. (2d) 983, 985: "It is thus obvious that the failure to maintain the signal board had nothing whatever to do with this accident."

If appellant failed to see a freight car 12 feet high extending entirely across the street directly in front of him, it is hardly reasonable to believe that he would have seen a small sign on the side of the street. In Crosby v. Great Northern Railway Company, 187 Minn. 263, 245 N. W. 31, the court, speaking of signals at railroad crossings required by statute, said [page 32]:

"The requirement for signals and warnings as to such crossings is not for the purpose of preventing automobile drivers from running into the side of trains. [Cases cited.]

"Common experience is that the occupation of a highway crossing by a train is visible to travelers on the highway including automobile drivers whose cars are properly equipped with lights and who exercise ordinary care. It would seem that a train upon a crossing is itself effective and adequate warning. It has always been so considered. This is so whether the train is moving or standing."

844

See, also, Coil's Adm'r v. Chicago, St. L. & N. O. Railway Company, 232 Ky. 33, 22 S. W. (2d) 428; McGlauflin v. Boston & Maine Railroad, 230 Mass. 431, 119 N. E. 955, L. R. A. 1918E, 790; St. Louis-San Francisco Railway Company v. Gutherie, 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110.

We conclude that the plaintiff failed to prove negligence on the part of the defendant that constituted the proximate cause of the accident, and, on the authority of Louisville & Nashville Railroad Company v. Mischel's Adm'x, supra, and Chesapeake & Ohio Railway Company v. Switzer, supra, the judgment is affirmed.