## Watson v. Bailey.

Sept. 26, 1939.

G. W. E. Wolfford, Judge.

James C. Clay and John Littleton for appellant.

Nickell & Nickell, Floyd Arnett and S. Monroe Nickell for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, R. R. Bailey, recovered judgment for $500 against the appellant, A. D. Watson, for personal injuries sustained while riding in a truck.

The plaintiff's side of the case is that the defendant agreed, for $1.50, to haul his heifer and himself from his home in Morgan county to Flemingsburg and bring him back. Before they reached Morehead, on the way, Watson bought the heifer for $24 or $25, less the $1.50 agreed upon for transportation. At Morehead Watson gave him a check, and went on his way to Flemingsburg with the understanding that he would pick up Bailey that afternoon and take him home. He was so late in coming that Bailey put his groceries in the car of a friend to take home for him. It was easy, said the plaintiff, to get a ride but not to get his load carried. Watson came along after a while and stopped at the "Amos and Andy" restaurant and beer emporium where Bailey was. Bailey got in the cab of the truck, where there were already three men. He remonstrated on the crowded condition and offered to get in the back of the truck, but both Watson and the driver said they had plenty of room and he was told to sit on Watson's lap. The truck made a lunge and scared him so that he exclaimed, "Boys, it ain't moving right." In a moment or so the truck hit an automobile parked on the street and knocked it 25 feet across the pavement into the front of a store, demolishing part of it. The plaintiff suffered very painful, if not serious, injury. The defendant and his men were drinking but the plaintiff was sober.

The defendant's side of the case is that Watson bought the heifer at Bailey's place for $22.50 and then Bailey asked him to let him ride into Morehead. He did not want to take Bailey, but he says that his request "got me between a rock and a hard place" and he had to let him ride. There was no charge of any kind made for his riding in either direction. In order to escape from him he told Bailey that he was not coming back through Morehead. Sometime after dark, however, when he got to Morehead on his return from Flemingsburg, he stopped at the restaurant. As the truck was pulling out from the curb it was stopped momentarily on account of the traffic and the cab door was jerked open and Jess Adkins pushed Bailey into the cab and shut the door and then pitched his cane through the window. Bailey was a badly crippled man. Nothing was said about there being plenty of room; on the contrary Watson remonstrated at Bailey getting in. The truck went on down the street two and one half blocks and the driver, being blinded by an approaching car, hooked

the corner of a parked automobile and in some way this stripped off the hood of defendant's truck throwing it back and injuring those in the cab. It was the plaintiff who was drunk. The defendant and his men were sober.

The testimony of each of the parties is in substance corroborated by other witnesses. There is as much contradiction in details as in the material parts of the evidence; thus Bailey denied having sent word to his wife that he was not drunk.

Appellant maintains that he was entitled to a peremptory instruction. As we understand it, the argument in support of the contention is that the plaintiff predicated his case upon the allegation that he was a paying passenger in defendant's truck and failed to prove it, and, more than that, the preponderance of the evidence proved that he was a trespasser and interloper. It is also argued that since the defendant was not a common carrier of passengers the pleading did not support the judgment, so that a motion for a judgment notwithstanding the verdict should have been sustained. A party may plead much and prove less and yet be entitled to go to the jury on the issues established by his proof. It is not to be overlooked that the plaintiff's evidence was to the effect that he had paid for his transportation. But even though he had not, the variance, though restrictive of the instructions, was not fatal to his cause of action. Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A., N. S., 1100, Ann. Cas. 1915D, 342.

It is further argued that the defendant owed plaintiff, as a trespasser, no duty except to refrain from wilfully injuring him after his peril was discovered, and that the evidence manifests no such degree of wrongful action and no act of the defendant contributing to the collision. Passing over the idea of the plaintiff as a paying passenger, and the defendant's concomitant responsibility, and agreeing to the contention that the plaintiff had imposed himself upon the defendant, the fact is certain that the defendant accepted the plaintiff and proceeded along the way with him as a guest. That relation measured his responsibility. It follows, therefore, that the court properly rejected the offered instruction based upon the theory of a trespasser.

The given instructions submitted the duty of the defendant to have been to exercise ordinary care to protect the plaintiff. The defendant also offered an instruction submitting his duty to exercise ordinary care not to expose plaintiff to unnecessary danger or to injure him after defendant discovered that plaintiff was riding in the truck. The plaintiff's presence was obvious, of course. The offer of the instruction waived any right the defendant may have had to question the given instruction in respect to the degree of care, for it is a well settled rule that if a party offers an instruction of the same import as that given, his complaint of error will not be heard. Louisville & Nashville Railroad Company v. Penrod, 66 S. W. 1013, 1042, 24 Ky. Law Rep. 50; Damron v. Stewart & Weir, 253 Ky. 394, 69 S. W. (2d) 685. Even so, the standard of care submitted was correct. Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363.

The suggestion of absence of negligence on the defendant's part is without merit. The truck was being driven by his employee under his immediate control. It is not claimed that the driver was not negligent. His negligence was the master's negligence. Chambers v. Hawkins, supra. The question of plaintiff's contributory negligence was submitted to the jury in the usual general form, which was as much as the defendant was entitled to.

Appellant emphasizes plaintiff's ingratitude in suing the defendant, who had permitted himself to be imposed upon. Of course, that is an element not to be considered in adjudging the legal rights of the parties. It seems to have had its influence in minimizing the damages awarded, for the preponderating evidence is that the defendant and his companions were drinking, and that the plaintiff was painfully and seriously hurt. If the plaintiff was under the intoxicating influence of beer —as probably he was—that fact had nothing to do with the accident and could not excuse the defendant's negligence. In that state a man is entitled to as much consideration as a sober man—and needs more.

Waiving any question of technical right or absence of right in the appellant to claim prejudicial argument of an attorney for the plaintiff because of the condition of the record, we do not regard the statement to have been prejudicial to the defendant's substantial rights.

The judgment is affirmed.