## Louisville & N. R. Co. v. Reynolds.

June 3, 1947.

S. M. Ward, Judge.

C. S. Landrum, C. E. Rice and Craft & Stanfill for appellant.
Jesse Morgan for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellee was awarded judgment for $2500 for personal injury and damage to his automobile, occasioned by the impact of the automobile with the side of a freight train standing on a crossing. The petition charged negligence on the part of appellant in leaving its train across the siding, and without clearance for the passage of vehicles using the highway. Defense was a plea of contributory negligence.

Appellant stands squarely on its insistence that the proof of appellee was not sufficient to fasten negligence on appellant, and further shows that the negligence of the driver of the car was the proximate cause of the injuries. Standing on this ground appellant did not introduce proof, but at the close of appellee's testimony made its move for peremptory instruction.

That testimony shows that appellee and his brother left the home of the mother at Baldridge at about 4:00

a. m., January 20, 1945. The brother who was in service desired to take a bus at Hazard for the purpose of returning to his Army Camp. The brother was driving the car which was owned by appellee, the latter saying that he desired him to do so because he thought he was the better driver. The weather was cold; the heater of the car was on, and the windshield wiper working. Appellee says soon after the start from the home he fell asleep and did not awaken until the automobile came within two or three hundred feet of the train on the crossing.

The brothers were familiar with the crossing, both saying that they had gone over the crossing frequently for many years. The proof shows that the brakes on appellee's car were in good condition as were the headlights which were burning. Appellee was of the opinion that the car was traveling at the rate of about twenty to twenty-five miles per hour; the brother said from twenty-five to thirty miles per hour just before the impact. It was proven that it was a dark, foggy morning; the driver of the car said it was "foggy all the way down the road," and this was why the windshield wiper had been going for about four miles before the car reached the crossing. Both say they did not see the train until they got within about ten feet.

The brother who was driving said that as soon as he saw the train he applied his brakes, but this was too late to prevent the automobile from crashing into one of the cars of the train. He said that when he crossed the North Fork bridge about two or three hundred feet from the crossing he knew they were nearing the crossing "on this particular morning." He was asked:

"Why didn't you see it before? A. It was foggy.

"Q. And it was the fog that kept you from seeing the train on the crossing? A. Partly.

"Q. What else? A. I had forgotten about the crossing.

"Q. And that fact and the fog together is the reason you drove that car into the railroad cars? A. That's right."

Appellant relies on the principles laid down by us in several recent cases where the facts were similar to those here, in support of its contention. The first case in point is Louisville & N. R. Co. v. Mischel's Adm'x, 272 Ky. 295, 114 S. W. 2d 115, followed in Burkhead v. Pennsylvania R. Co., 275 Ky. 841, 122 S. W. 2d 970; Sympson v. Southern Railway Co. in Kentucky, 279 Ky. 619, 131 S. W. 2d 481, and more recently in Illinois Central R. Co. v. Maxwell, 292 Ky. 660, 167 S. W. 2d 841. In the latter case we adhered to the principles laid down in the Mischel case. These principles are that as a general rule the presence of a train on a road crossing is notice to a motorist of the obstruction, and the railroad company has no duty to station guards or place lights or otherwise give warning of the presence of the train. The company has the right to assume that a motorist will so operate his automobile at night in such a way as to enable him to see the train on a crossing and to stop his vehicle in time to avoid injury. Generally the presence of a train on a crossing is notice to the motorist of the obstruction. ''The presence of the standing car is not negligence or the effective cause of such an accident.'' The railroad is only liable when and where there exists unusual or peculiar circumstances or conditions, or where customs had been followed as to notice, signals or warnings, and where on the occasion there was a failure to follow the custom which had been relied on by complainant.

A reading of the cases cited above, and of the proof in this case develops that the facts are so similar as to make the cited cases peculiarly applicable. In fact the testimony here makes a case more favorable to appellant. Here both parties showed a long time familiarity with the crossing and the bridge which they had crossed about 200 feet distant from the crossing. The owner of the car says he awoke about 200 feet away from the crossing, and the brother who had driven over it for more than fifteen years admits that ''I had forgotten about the crossing.''

Under authority of the cases supra, we must and do conclude that the proximate cause of the injury and damage to appellee's car was due to the negligence of the brother who was the driver of the car. We have read the cases cited by appellee, and find nothing in

any of them tending to alter the principle applied in the Mischel case and those following it.

One contention of appellee, not common to those cases, is that the negligence of the brother who was driving the car could not be imputed to the injured appellee, citing only one case from another jurisdiction in support. We have held otherwise in Chambers v. Hawkins, 233 Ky. 211, 25 S. W. 2d 363; Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A., N. S., 1100, Ann. Cas. 1915D, 342; Droppelman v. Willingham, 293 Ky. 614, 169 S. W. 2d 811; Watson v. Bailey, 279 Ky. 671, 132 S. W. 2d 53. Here the owner of the automobile had directed the brother to drive; was sitting beside him and awake prior to the accident; he was the master, the driver his agent. Under the circumstances shown, the negligence of the driver was to be imputed to the owner, though here the owner was perhaps negligent in not advising or directing the driver, since he observed the fog and was well acquainted with the crossing.

We conclude that the court under the proof of appellee, should have sustained appellant's motion for a peremptory instruction. The judgment is therefore reversed with directions to grant appellant a new trial for proceedings consistent herewith.

Judgment reversed.