## LOUISVILLE & N. R. CO. v. BRANSON.

Court of Appeals of Kentucky.

May 7, 1954.

C. S. Landrum and C. E. Rice, Lexington, Henry L. Bryant, Pineville, for appellant.

Clore & Swinford, Pineville, for appellee.

CLAY, Commissioner.

Appellee recovered a $500 judgment for personal injuries suffered when the automobile in which he was riding struck appellant's train at a crossing.

It was a dark, foggy night. Appellee and the driver of the automobile were familiar with the crossing. The approach thereto is straight, and there were no physical obstructions to interfere with the view. Appellant's nine car freight train had almost passed over the crossing when the automobile was driven into the last car next to the caboose.

Appellee contends appellant was negligent in failing to sound the required statutory signals as the train approached the crossing. It appears from an eximination of KRS 277.190 that the whistle and bell signals prescribed were designed principally to give warning of the approach of a train at a crossing. We have in a number of cases recognized that when a train or car is actually occupying the crossing, this in itself is effective and adequate warning to travelers on the highway. See Louisville & N. R. Co. v. Mischel's Adm'x, 272 Ky. 295, 114 S.W. 2d 115; Illinois Central R. Co. v. Maxwell, 292 Ky. 660, 167 S.W.2d 841; Louisville & N. R. Co. v. Reynolds, 305 Ky. 54, 202 S.W. 2d 997.

Appellee relies upon the case of Louisville & N. R. Co. v. Mahoney, 220 Ky. 30, 294 S.W. 777. In that case there was language to the effect that a traveler on the highway is entitled to rely upon the statutory warning signals even though the train is actually on the crossing. An examination of the opinion shows the statement made was unnecessary to the decision since it turned upon whether or not an electrical wig-wag signal was operating. We have been unable to find that case has ever been cited on the proposition for which appellee contends.

In view of the established rule in this state that a railroad company is not required to give additional warning when a car of a train is stopped on a crossing, it would be most inconsistent and illogical to say that an additional warning must be given if the train is *moving* over the crossing. If the position of a standing car is sufficient notice of the train's presence, certainly a moving car at the same place, with

its accompanying noise, gives better warning of the immediate danger than would earlier and distant signals given before either the train or the automobile reaches the crossing. It would seem in any event that the failure to give such signals would not be the proximate cause of the accident, because the motorist is given more immediate and imperative notice by the obvious presence of the train itself.

We are of the opinion that the trial court should have directed a verdict for appellant, and having failed to do so, it should have sustained appellant's motion for a judgment notwithstanding the verdict under Rule 50.02 of the Kentucky Rules of Civil Procedure.

The motion for an appeal is sustained, and the judgment is reversed with directions to enter a judgment for appellant in conformity with its motion therefor.