**Green BOWLING, Appellant,**

v.

**John D. LEWIS, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

As Modified on Denial of Rehearing
March 23, 1956.

Brown & Bird, Murray L. Brown, Robert B. Bird, London, for appellant.

Robert C. Muncy, Hyden, for appellee.

SIMS, Judge.

On this motion for appeal the parties will be referred to as they appeared in the trial court. In a jury trial plaintiff, John D. Lewis, recovered a judgment of $2,092 against Green Bowling for property damages resulting from a collision of trucks owned by the parties.

At the conclusion of all the evidence defendant's motion for a directed verdict was overruled. After the verdict was returned defendant filed motion for judgment notwithstanding the verdict and an alternative motion for a new trial, giving as one of his grounds that plaintiff failed to establish the driver of defendant's truck was defendant's agent or employee acting within the scope of his agency or employment. Defendant insists the court erred in overruling this motion, for which we should reverse the judgment and direct one to be entered in his favor. There are several additional rea-

sons assigned for reversal but as we feel this one has merit, we do not reach the others.

The complaint averred that while plaintiff's truck was being driven in Leslie County on December 3, 1953, in the direction of Manchester on highway No. 421, defendant's truck while being driven in the same direction by his agent, servant or employee, who was at the time and place acting within the scope of his employment and upon the defendant employer's business, "was driven so carelessly and negligently as to cause same to collide with plaintiff's truck," causing same to leave the highway, crash and upset, with the resultant damages of $6489.65 to plaintiff's truck and cargo.

■ The answer was a general denial and a plea of contributory negligence on the part of plaintiff's driver and agent. Thus, the answer placed upon plaintiff the burden of proving the driver of defendant's truck was defendant's agent or employee and was operating the truck within the scope of his agency or in furtherance of his employer's business at the time of the accident. Spencer's Adm'r v. Fisel, 254 Ky. 503, 71 S.W.2d 955.

■ In this jurisdiction (though not in others as is shown by annotations in 96 A.L.R. 634) proof of ownership, coupled with evidence of employment creates a presumption of responsible agency which requires defendant to assume the burden of rebutting the presumption. Higgans v. Deskins, Ky., 263 S.W.2d 108, 110. But our rule has no application here as the proof merely shows defendant's truck was being driven by his son, Elbert Bowling. It does not show whether Elbert was the agent or employee of his father on the occasion of the accident or was on his own private business. Nor does the proof show Elbert's age, what load he was hauling, the character of truck he was driving, or any fact from which it might be inferred he was the agent or employee of defendant.

■ The trial court should have directed a verdict for defendant since there was no evidence to support the averments of the petition that the driver of defendant's truck was his agent or employee. The trial court having erred in not directing a verdict for defendant should have sustained under CR 50.02 his motion for a judgment notwithstanding the verdict. Hence, we must reverse the judgment with directions to enter one for defendant in conformity with his motion for judgment notwithstanding the verdict. Louisville & N. R. Co. v. Branson, Ky., 267 S.W.2d 945.

The motion for an appeal is sustained and the judgment is reversed.